JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

HARRY DONALD FISHER

**FILING**

## DEFENDANTS

DOWNEY SAVINGS AND LOAN ASSOCIATION, a California corporation, et al.

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**C 08 02144 EDL**

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

James M. Barrett (SBN 49126)
Attorney at Law
150 E. Cotati Avenue
Cotati, CA 94931 (707) 795-1510

**ADR**

Attorneys (If Known)

MICHAEL D. McSWEENEY -- BAR NO. 51072
ALISON P. BUCHANAN -- BAR NO. 215710
HOGE, FENTON, JONES & APPEL, INC.
60 S. Market St., Ste. 1400, San Jose, CA 95113 (408) 287-9501

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                          and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | | ☐ 892 Economic Stabilization Act |
| | | | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | ☐ 870 Taxes (U.S. Plaintiff | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | or Defendant) | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | 26 USC 7609 | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | Under Equal Access |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| | | | Alien Detainee | | State Statutes |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | Transferred from | | Appeal to District |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND          ☐ SAN JOSE

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| April 24, 2008 | |

JS 44 Reverse (Rev. 12/07).

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**    Example:    U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

1  OFFICE OF THE GENERAL COUNSEL  FILED
   CHRISTINE HUMPHRIES -- BAR NO. 152018
2  DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A.
   3501 Jamboree Road                     2008 APR 24  P 3: 52
3  Newport Beach, California 92660
   Telephone: (949) 725-4850                  RICHARD W. WIEKING
4  Facsimile: (949) 725-0619                       CLERK
                                              U.S. DISTRICT COURT
5                                             NO. DIST. OF CA. S.J.
   MICHAEL D. McSWEENEY -- BAR NO. 51072
6  ALISON P. BUCHANAN -- BAR NO. 215710
   HOGE, FENTON, JONES & APPEL, INC.
7  Sixty South Market Street, Suite 1400
   San Jose, California 95113-2396
8  Telephone: (408) 287-9501
   Facsimile:  (408) 287-2583      ADR
9
   Attorneys for Defendants
10 DOWNEY SAVINGS AND LOAN
   ASSOCIATION, F.A., and
11 FCI LENDER SERVICES, INC.,
   a California corporation
12

13
14                    UNITED STATES DISTRICT COURT

15        NORTHERN DISTRICT OF CALIFORNIA -- SAN FRANCISCO DIVISION

16                        C08   02144   EDL

   HARRY DONALD FISHER
17                                        (Sonoma County Superior Court Action
            Plaintiff,                    Number SCV 242671)
18
     vs.
19                                        NOTICE OF REMOVAL
   DOWNEY SAVINGS AND LOAN
20 ASSOCIATION, a California
   corporation, EQUITY ONE FINANCIAL
21 CORP., a California corporation, ERIK
   MEYERS, individually, FCI LENDER
22 SERVICES, INC., a California
   corporation, and DOES 1 through 20,
23 inclusive,

24         Defendants.

25

26     TO THE UNITED STATE DISTRICT COURT FOR THE NORTHERN DISTRICT OF

27 CALIFORNIA, SAN FRANCISCO DIVISION:

28     Defendants DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A. (improperly sued

                                    -1-
   NOTICE OF REMOVAL
   \\HFJAFS\NDrive\PENDING00080203\Ple\316474.doc

1   as DOWNEY SAVINGS AND LOAN ASSOCIATION, a California corporation), and FCI
2   LENDER SERVICES, INC., a California corporation, file this Notice of Removal of the
3   above-described action to the United States District Court for the Northern District of
4   California, San Francisco Division, from the Sonoma County Superior Court, where the
5   action is now pending, as provided by Title 28, U.S. Code, Chapter 89 and state:

6       1.    The above-entitled action was commenced in the Sonoma County Superior
7   Court, Action Number SCV 242671, on April 8, 2008 and is now pending in that court.
8   Process was served on Defendants DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A.
9   and FCI LENDER SERVICES, INC., a California corporation on April 9, 2008 via Federal
10  Express, with a Notice and Acknowledgment of Receipt. A copy of the Plaintiff's Complaint
11  setting forth the claim for relief upon which the action is based was first received by the
12  Defendants DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A. and FCI LENDER
13  SERVICES, INC., a California corporation, on April 10, 2008.

14      2.    There are no Defendants to this action except Defendants DOWNEY
15  SAVINGS AND LOAN ASSOCIATION, F.A., EQUITY ONE FINANCIAL CORP., a
16  California corporation, ERIK MEYERS, individually, and FCI LENDER SERVICES, INC., a
17  California corporation.

18      3.    This action was commenced against Defendants in the Sonoma County
19  Superior Court by Plaintiff, and is of a civil nature.  Plaintiff claims that Defendants, and
20  each of them, engaged in unfair lending practices during the course of a mortgage
21  refinance transaction; Plaintiff's complaint involves allegations that Defendants violated
22  federal statutes C.F.R. §226.34(a)(4) and 15 U.S.C. §1640, otherwise known as the Truth
23  in Lending Act (TILA).  The United States District Court for the Northern District of
24  California (San Francisco Division) has jurisdiction by reason of 28 U.S.C. § 1331 in that
25  the action arises under the Laws of the United States and that, as appears from the
26  Complaint, Plaintiff bases his claim for relief against the Defendants by virtue of and under
27  the federal statutes and acts of Congress.

28      4.    Defendants further allege that the action was commenced by the filing of the

-2-

1  Complaint on April 8, 2008 and the service of process on Defendants on April 10, 2008,

2  and that the time has not elapsed within which they are allowed to file this notice of

3  removal of action to this Court.

4        5.        A copy of all process, pleadings, and orders served upon Defendants is filed

5  with this notice.

6        6.        Defendants will give written notice of the filing of this notice as required by 28

7  U.S.C. § 1446(d).

8        7.        A copy of this notice will be filed with the clerk of the Sonoma County

9  Superior Court, as required by 28 U.S.C. § 1446(d).

10        WHEREFORE, Defendants request that this action proceed in this Court as an

11  action properly removed to it.

12  DATED: April 24, 2008

HOGE, FENTON, JONES & APPEL, INC.

13

14                                          By

15                                          Alison P. Buchanan
                                            Attorneys for Defendants
16                                          DOWNEY SAVINGS AND LOAN
                                            ASSOCIATION, F.A., and
17                                          FCI LENDER SERVICES, INC.,
                                            a California corporation

18

19

20

21

22

23

24

25

26

27

28

-3-

NOTICE OF REMOVAL
\\HFJAFS\NDrive\PENDING00080203\Ple\316474.doc

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
DOWNEY SAVINGS AND LOAN ASSOCIATION, a California
corporation; EQUITY ONE FINANCIAL CORP., a California
corporation; ERIK MEYERS, individually, FCI LENDER
SERVICES, INC., a California corporation; and DOES 1
through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
HARRY DONALD FISHER

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
APR 8 - 2008

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

LEGAL DEPARTMENT

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Sonoma County Superior Court 600 Administration Drive, Room 107-J Santa Rosa, CA 95403 | CASE NUMBER: *(Número del Caso):* 242671 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
James M. Barrett (SBN 49126)          (707) 795-1510   (707) 795-3364
Lawyer
150 E. Cotati Avenue
Cotati, CA  94931

| DATE: APR 8 - 2008 *(Fecha)* | DENISE L. GORDON | Clerk, by KIM MURPHY *(Secretaria)* | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒☒ on behalf of *(specify):*  Downey Savings and Loan Association

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**


Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| James M. Barrett (SBN 49126)<br>Lawyer<br>150 E. Cotati Avenue<br>Cotati, CA  94931<br><br>TELEPHONE NO.: (707) 795-1510  FAX NO.: (707) 795-3364<br>ATTORNEY FOR (Name): Plaintiff Harry Donald Fisher | ENDORSED<br>FILED<br><br>APR 3 - 2008<br><br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SONOMA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sonoma
STREET ADDRESS: 600 Administration Drive, Room 107-J
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Rosa, CA  95403
BRANCH NAME:

CASE NAME:   Fisher v. Downey Savings & Loan Assn.,
et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited | [ ] Limited | [ ] Counter   [ ] Joinder | | MARK TANSIL |
| (Amount<br>demanded<br>exceeds $25,000) | (Amount<br>demanded is<br>$25,000 or less) | Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE: SCV 242671<br>DEPT:  18 |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400-3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| Other PI/PD/WD (Personal Injury/Property | [ ] Other collections (09) | [ ] Construction defect (10) |
| Damage/Wrongful Death) Tort | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | Real Property | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| Non-PI/PD/WD (Other) Tort | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [X] Other real property (26) | Enforcement of Judgment |
| [ ] Civil rights (08) | Unlawful Detainer | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | Miscellaneous Civil Complaint |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint (not specified above) (42) |
| [ ] Professional negligence (25) | Judicial Review | Miscellaneous Civil Petition |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| Employment | [ ] Petition re: arbitration award (11) | [ ] Other petition (not specified above) (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel  e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve         in other counties, states, or countries; or in a federal court
   c. [ ] Substantial amount of documentary evidence       f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [ ] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive

4. Number of causes of action (specify): Nine

5. This case [ ] is  [X] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 8 , 2008

James M. Barrett (SBN 49126)
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET**  Legal<br>Solutions<br>Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

<div style="text-align:right">CM-010</div>

To Plaintiffs and Others Filing First Papers. If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

To Parties in Rule 3.740 Collections Cases. A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

To Parties in Complex Cases. In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

<div style="text-align:center">CASE TYPES AND EXAMPLES</div>

**Auto Tort**
Auto (22)—Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach—Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case—Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief from Late
Claim
Other Civil Petition

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA<br>CIVIL DIVISION<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878<br>(707) 521-6500<br>www.sonomasuperiorcourt.com | (FOR COURT USE ONLY)<br><br>ENDORSED<br>FILED<br><br>APR 8 - 2008<br><br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SONOMA |
|---|---|
| **NOTICE OF ASSIGNMENT TO ONE JUDGE FOR ALL PURPOSES,<br>NOTICE OF CASE MANAGEMENT CONFERENCE,<br>and ORDER TO SHOW CAUSE** | Case number:<br>SCV 242671 |

## A COPY OF THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT
## AND WITH ANY CROSS-COMPLAINT

**MARK TANSIL**

1. **THIS ACTION IS ASSIGNED TO HON.** _____ **FOR ALL PURPOSES.**
   Pursuant to California Rules of Court, Rule 2.111(7), the assigned judge's name must appear below the number of the case and the nature of the paper on the first page of each paper presented for filing.

2. A Case Management Conference has been set at the time and place indicated below:

| Date: | Time: 9:00 am | Courtroom: 1 8 |
|---|---|---|
| Location: 1450 Guerneville Road<br>**AUG 1 1 2008** Santa Rosa, CA 95403 | | |

3. No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement [Judicial Council form #CM-110] and serve it on all other parties in the case. In lieu of each party's filing a separate case management statement, any two or more parties may file a joint statement.

4. At the conference, counsel for each party and each self-represented party must appear personally or by telephone [California Rules of Court, Rule 3.670(c)(2)]; must be familiar with the case; and must be prepared to discuss and commit to the party's position on the issues listed in California Rules of Court, Rule 3.727.

5. Pre-approved dispositions are recorded three (3) court days prior to the case management conference. These may be obtained by calling (707) 521-6883 or by going to http://www.sonomasuperiorcourt.com/tentative/index.php.

## ORDER TO SHOW CAUSE

To Plaintiff(s), Cross-complainants, and/or their attorneys of record:

If, on the date shown above, you are not in compliance with timely filing requirements stated in California Rules of Court, Rules 3.110 and/or 3.725, you must then and there show cause why this Court should not impose monetary and/or terminating sanctions.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                              FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA**<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878 | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |

| **ADR INFORMATION SHEET**<br>**[Sonoma County Superior Court Rules, Rule 16]** | | CASE NUMBER: |
|---|---|---|
| (Check one):   ☐ **UNLIMITED CASE**<br>(Amount demanded exceeds $25,000) | ☐ **LIMITED CASE**<br>(Amount demanded is $25,000 or less) | Date:<br>Time:<br>Location:<br>Assigned Judge: |

## NOTICE TO ALL PARTIES AND THEIR ATTORNEYS

The policy of the Sonoma County Superior Court is:

"The formal litigation of legal claims and disputes is expensive and time consuming. The overall results achieved by some or all of the parties are often unsatisfactory. There are many modern alternatives to formal court litigation which are less expensive, less time consuming, and more beneficial to the parties. It is therefore the firm policy and goal of this court to encourage the parties in all civil cases to explore and pursue private dispute resolution alternatives at the earliest possible date." (Local Rule 16.1.)

Although most (90-98%) cases do settle, many settlements come only after a considerable amount of time, money, and resources have been expended. Such expenditures, as well as the adversarial nature of litigation, can be a disincentive to settlement. The Sonoma County Superior Court encourages the use of Alternative Dispute Resolution (ADR) as early as possible after the parties become aware of a dispute.

Most ADR processes are voluntary and are paid for by the parties themselves, but ADR has proved in many cases to be faster, cheaper, and more effective than traditional litigation.

### ADVANTAGES OF ADR:

The filing of your complaint or answer may be just the beginning of the costs that you will incur during the course of your lawsuit. Lawsuits can be extremely costly. By utilizing ADR methods early in the course of your case, you may significantly reduce these costs by either resolving the case before expensive discovery and trial proceedings are commenced or by narrowing the scope of your discovery by identifying disputed and undisputed factual and legal issues.

ADR can be a fast, economical, efficient, and effective way to resolve civil cases, and most litigants report satisfaction with the process. ADR procedures can be scheduled at your convenience and can be completed in a fraction of the time required for traditional litigation. The cost of ADR will depend on the procedure and the provider you select, and the cost is typically less than litigation.

Most ADR processes are confidential but can result in enforceable agreements. Many ADR processes will give you an opportunity to test the strengths and weaknesses of your case without adverse impact in the event of a trial. Depending upon the method of ADR you select, it may be the last chance for you to control the outcome of your dispute before you place the decision in the hands of a judge or jury.

### METHODS OF ADR:

**A. MEDIATION:** Mediation is one of the most frequently used methods of ADR because it is informal, quick, convenient and confidential. In this process the parties select a neutral mediator who facilitates the identification of issues and areas of agreement and assists in finding a resolution or settlement of the dispute. Since mediation requires the agreement of the parties to resolve the matter, control of the proceedings and a determination of the settlement terms remains completely in the parties' hands. The mediator remains neutral and assists the parties in arriving at terms that are mutually agreeable.

| CV-2 [Rev. July 1, 2004] | **ADR INFORMATION SHEET** | Page 1 of 2 |
|---|---|---|

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**B. ARBITRATION:** The parties jointly employ a neutral third party or a panel of neutrals to listen to both sides and render a decision. The parties are free to make the arbitrator's decision binding or non-binding. When non-binding, the arbitrator's decision serves as guide or influence upon the parties to bring them closer to settlement. If it is binding, the decision of the arbitrator will be final and generally avoids any further proceedings in the case. Non-binding judicial arbitration may be ordered in certain cases before trial.

**C. EARLY NEUTRAL EVALUATION:** A neutral evaluator is hired by the parties to give an evaluation of the case to help settle it. You or your attorney will be permitted to prepare a written statement, present critical witnesses or other evidence, argue your case to the evaluator, meet separately and confidentially with the evaluator, and utilize the evaluator to communicate any settlement offers to the opposing party.

**D. PRIVATE SETTLEMENT CONFERENCE:** A voluntary settlement conference is similar to early neutral evaluation in that the parties employ a neutral settlement officer who attempts to persuade the parties to accept a compromise position. It is a form of facilitated negotiation in which the settlement officer may express an opinion about the value of the case, the substantive merits of each party's position, and the probable outcome of the trial.

There are various other methods or combinations of methods of ADR, such as summary jury trial, mini-trial, special master and discovery referee. The court encourages the parties to be creative in selecting the process which has the best chance of resolving the case as quickly, effectively, and inexpensively as possible. You will have a chance to review your ADR options at the time of the Early Mediation and Case Management Conference.

**The undersigned party is willing to agree to any of the following forms of ADR at this time (for family law and probate actions only). Your selection will inform the other parties in the case of your current thoughts regarding the use of ADR. If all parties agree on a particular ADR method, you will be asked to file a stipulation on the court's form. The stipulation form (Sonoma County Superior Court form #MISC-101) can be found at the court's web site and is available at the court.)**

| ☐ | Mediation | ☐ | Early Neutral Evaluation |
|---|---|---|---|
| ☐ | Non-binding Private Arbitration | ☐ | Binding Private Arbitration |
| ☐ | Voluntary Settlement Conference | ☐ | Summary Jury Trial |
| ☐ | Other _____ | ☐ | Judicial Arbitration |

I / We certify that I / We have read and understood (or have had explained to me / us) the foregoing.

Date: _____

_____
Signature of Party

Date: _____

_____
Signature of Party

Date: _____

_____
Signature of Attorney for Party

☐ Additional signatures are attached

**NOTE: This form requires the signatures of the parties and their attorney. All parties must complete, file and serve this form in accordance with Sonoma County Superior Court Rules, Rule 16. See Rule 16.3 for specific filing and service instructions.**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                              FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878 | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |

| STIPULATION AND ORDER REFERRING MATTER TO ALTERNATIVE DISPUTE RESOLUTION | CASE NUMBER: |
|---|---|
| (Check one):    ☐  **UNLIMITED CASE**          ☐  **LIMITED CASE**<br>                    (Amount demanded              (Amount demanded is<br>                    exceeds $25,000)              $25,000 or less) | Date:<br>Time:<br>Location:<br>Assigned Judge: |

The parties hereby stipulate to refer the case to the following Alternate Dispute Resolution Process:

☐  Mediation                                              ☐  Non-binding Private Arbitration
☐  Binding Private Arbitration                  ☐  Private Settlement Conference
☐ . Early Neutral Evaluation                    ☐  Judicial Arbitration

The ADR process will be conducted by  (name of individual):  _____

Provider's Address:  _____

Provider's Telephone:  _____  Fax:                      E-mail address: _____
☐ No agreement
The ADR process will be conducted on (date):  _____.
☐ No agreement

☐    The parties have reached agreement as to the payment of fees of ADR provider.
☐    The parties have not reached agreement as to the payment of fees of ADR provider.

| Type or print name of  ☐ Party without attorney  ☐ Attorney for<br>☐ Plaintiff/Petitioner  ☐ Defendant/Respondent/Contestant | **(Date and Sign)** Attorney or party without<br>attorney (Sign in blue ink) |
|---|---|
| Type or print name of  ☐ Party without attorney  ☐ Attorney for<br>☐ Plaintiff/Petitioner  ☐ Defendant/Respondent/Contestant | **(Date and Sign)** Attorney or party without<br>attorney (Sign in blue ink) |

☐    Additional signatures are attached

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

## **ORDER**

**A REVIEW HEARING IS SCHEDULED AS FOLLOWS:**

| | |
|---|---|
| Date | Time |

All parties must appear at the Review Hearing. In the event that the case is settled and a dismissal, a notice of settlement or a judgment is filed at least 3 court days before the scheduled Review Hearing, the Review Hearing will be dropped and no one should appear. You must check the phone message at _____ or go to http://www.SonomaSuperiorCourt.com/tentative/index.html where the tentative dispositions will be posted the day before you are scheduled to come to court to determine if you must appear.

*THE FIRST ATTORNEY OR PARTY LISTED MUST FILE PROOF OF SERVICE OF A COPY OF THIS ORDER ON ALL PARTIES.*

| | |
|---|---|
| Date | JUDGE OF THE SUPERIOR COURT |

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO.:                     FAX NO. *(Optional):* | |
| E-MAIL ADDRESS *(Optional):* | |
| ATTORNEY FOR *(Name):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| **(Check one):** ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:                     Time:                     Dept.:                     Div.:                     Room:

Address of court *(if different from the address above):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(describe, including causes of action):*

Page 1 of 4

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request    ☐ a jury trial    ☐ a nonjury trial    *(if more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
a. ☐  The trial has been set for *(date):*
b. ☐  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☐  days *(specify number):*
b. ☐  hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial  ☐ by the attorney or party listed in the caption  ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  Fax number:
f.  E-mail address:
g.  Party represented:
☐  Additional representation is described in Attachment 8.

9. **Preference**
☐  This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
a.  Counsel ☐ has ☐ has not  provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b. ☐  All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c. ☐  The case has gone to an ADR process *(indicate status):*

CM-110 [Rev. January 1, 2007]                    **CASE MANAGEMENT STATEMENT**                    Page 2 of 4

**CM-110**

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: | |
| DEFENDANT/RESPONDENT: | |

10. d.    The party or parties are willing to participate in *(check all that apply)*:

    (1) ☐ Mediation

    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

    (4) ☐ Binding judicial arbitration

    (5) ☐ Binding private arbitration

    (6) ☐ Neutral case evaluation

    (7) ☐ Other *(specify):*

e.    ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f.    ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g.    ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**

    ☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**

a.    ☐ Insurance carrier, if any, for party filing this statement *(name):*

b.    Reservation of rights: ☐ Yes ☐ No

c.    ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**14. Related cases, consolidation, and coordination**

a.    ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

    ☐ Additional cases are described in Attachment 14a.

b.    ☐ A motion to ☐ consolidate ☐ coordinate    will be filed by *(name party):*

**15. Bifurcation**

    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**

    ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

17. **Discovery**
    a. ☐ The party or parties have completed all discovery.
    b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

    Party                    Description                    Date

    c. ☐ The following discovery issues are anticipated *(specify)*:

18. **Economic Litigation**
    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

19. **Other issues**
    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

20. **Meet and confer**
    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

21. **Case management orders**
    Previous case management orders in this case are *(check one)*:    ☐ none    ☐ attached as Attachment 21.

22. Total number of pages attached *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

▶

_____          _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF PARTY OR ATTORNEY)

▶

_____          _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF PARTY OR ATTORNEY)
                                         ☐ Additional signatures are attached

CM-110 [Rev. January 1, 2007]          **CASE MANAGEMENT STATEMENT**                    Page 4 of 4

# NOTICE

## SONOMA COUNTY SUPERIOR COURT
## CIVIL DIVISION PRO TEM JUDGE PROGRAM

This is to advise that the Civil Division's Pro Tem Judge Program is available to those civil litigants who wish to expedite trial by stipulating to the use of an attorney to serve as Pro Tem Judge. The court maintains a Pro Tem Judge panel, which consists of attorneys sworn by the Court and willing to serve in this capacity. Parties may stipulate to a trial by a Pro Tem Judge of their choice and may inform the Court of such a stipulation by contacting Connie Origer, the Pro Tem Judge Program Coordinator, at (707) 521-6726.

The Program offers three primary benefits to litigants: (1) the date and location of trial can often be scheduled by stipulation of the parties; (2) the trial will take place on the agreed date for trial, thus eliminating the need to trail other cases, and; (3) the trial can be scheduled for full days on a 5 day per week basis, thus shortening the time to try the case. The Program is available for both jury and court trials.

For cases that are tried in 5 days or less (9:00 a.m. to 5:00 p.m., jury or non-jury), the Pro Tem Judge serves at no cost to the parties. For trials that exceed 5 days in length, the parties and the Pro Tem Judge are obliged to agree to a daily fee, not to exceed $1,200 per day, for each full or partial day of trial beginning with the 6th day of trial. Additionally, the Court will charge the parties $656.72 for each day of trial for the Clerk and Court Reporter. The Court discourages the use of overtime and will charge an additional cost of $123.14 for each hour or portion thereof exceeding 8 hours in any day. The parties are also responsible for the payment of jury fees as in any other civil case. Cases in which there are fee waivers are eligible for the Program.

The Court is enthusiastic about this Program and urges all counsel to discuss the availability of the Program and the feasibility of its use with opposing counsel. Counsel must also obtain permission from clients to participation in the Program. To participate in the Program, contact Ms. Origer as soon as possible to discuss trial dates. Ms. Origer will generate and mail all required stipulations and orders with respect to the Program. Parties may obtain additional information on this program by contacting Ms. Origer or by reviewing the court's website at www.sonomasuperiorcourt.com.

Plaintiff is ordered to serve this Notice on all parties and to certify by proof of service filed with the Court that such service has been accomplished within 60 days of the filing of the Complaint.

**CV-41, Revised 1/1/08   PETALUMA PRO TEM JUDGE PROGRAM NOTICE**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name & Address*): | *FOR COURT USE ONLY* |
|---|---|
| Telephone No.:                       FAX No.: | |
| ATTORNEY FOR (Name):                       Bar No. | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA**<br>600 Administration Drive<br>Santa Rosa, CA  95403<br>Telephone:  (707) 521-6500 | |
| PLAINTIFF(S)/PETITIONER(S): | |
| DEFENDANT(S)/RESPONDENT(S): | CASE NUMBER: |

### NOTICE OF SELECTION AS MEDIATOR IN COURT-CONNECTED MEDIATION
(Sonoma County Superior Court Local Rule 16)

**Name of Mediator Selected:** _____

    **PLEASE TAKE NOTICE** that the above-referenced matter is subject to Sonoma County Superior Court Local Rule 16 (Rules Applicable to Alternative Dispute Resolution (ADR)).  The parties have selected you to serve as the mediator in this matter.  Sonoma County Superior Court has a voluntary, market rate mediation program.  All mediations conducted in cases covered by Local Rule 16 are court-connected mediations and are subject to the provisions of California Rules of Court, Rules 3.850 et seq.  It is your obligation to familiarize yourself with Local Rule 16 and California Rules of Court, Rules 3.850 et seq. before the mediation. **PLEASE NOTE:**  you are required to have the parties complete an Attendance Sheet for Court-Program Mediation of Civil Case (Alternative Dispute Resolution) (Judicial Council form ADR-107) in accordance with California Rules of Court Rule 3.860.  The form is available at the web site of the California Courts www.courtinfo.ca.gov.

    If you <u>are not</u> a member of the Sonoma County Superior Court panel of mediators, in order to serve as mediator in this case, you must complete the acceptance below (see CRC Rule 3.851(a) (2)), sign it in the space provided, and file the completed Notice *with your original signature* with the Court not less than five days before commencement of the mediation.  Please also provide a courtesy copy of the completed and signed Notice to the ADR Program Coordinator, 1450 Guerneville Road, Building G, Santa Rosa, California 95403 or by facsimile transmission to (707) 521-6756.

    If you are mediating a case referred to court-connected mediation during calendar year 2007, regardless of the date of the mediation, you are required to complete and return a Mediator's Questionnaire (Sonoma County Superior Court Local form CV-36) within five (5) days after completion or other termination of the mediation.  The completed questionnaire may be mailed or faxed to ADR Program Coordinator at the above address or FAX number.  The plaintiff should provide the Mediator's Questionnaire to you.  The questionnaire is also available on the web site of the Sonoma County Superior Court www.sonomasuperiorcourt.com.

    If you have any questions regarding your selection or service as a mediator in this matter or about the Sonoma County Superior Court ADR Program, please feel free to contact the ADR Program Coordinator at (707) 561-6500 or ADR@sonomacourt.org.

### MEDIATOR'S ACCEPTANCE

I, _____ hereby agree to mediate the above-captioned matter subject to
           (print name)

the conditions stated in this notice.

Dated: _____          _____
                                            (Mediator's Signature)

**James M. Barrett, SBN 49126**
Lawyer
150 E. Cotati Avenue
Cotati, California 94931
Telephone:    (707) 795-1510
Fax:          (707) 795-3364

**Marvin Pederson, SBN 85258**
**Attorney at Law**
1160 N. Dutton Avenue, Suite 150
Santa Rosa, CA 95401
Telephone:    (707) 544-9444
Fax:          (707) 544-5829

Attorney for Plaintiff
HARRY DONALD FISHER

RECEIVED

LEGAL DEPARTMENT

ENDORSED
FILED

APR 8 - 2008

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA

| | |
|---|---|
| HARRY DONALD FISHER, | CASE NO. SCV 242671 |
| Plaintiff, | (Unlimited Civil) |
| vs. | **COMPLAINT FOR** |
| | 1.   Violation of Code of Federal Regulations § 226.34(a)(4); |
| DOWNEY SAVINGS AND LOAN ASSOCIATION, a California corporation; | 2.   Elder Abuse; |
| EQUITY ONE FINANCIAL CORP., a | 3.   Intentional Misrepresentation; |
| California corporation, ERIK MEYERS, | 4.   Violations of Financial Code § 50701; |
| individually, FCI LENDER SERVICES, | 5.   Fraud; |
| INC., a California corporation, and DOES 1 | 6.   Violations of Business and Professions Code §17500; |
| through 20, inclusive, | 7.   Violations of Business and Professions Code § 17200; |
| Defendants. | 8.   Truth in Lending Act Violations; |
| _____/ | 9.   Conspiracy; |
| | 10.  Injunctive Relief. |
| | Case Assigned to _____ |

Plaintiff HARRY DONALD FISHER hereby alleges as follows:

////

////

1

Fisher v. Downey Savings & Loan Assn., et al.
**Complaint**

1

THE PARTIES

2        1.        Plaintiff HARRY DONALD FISHER (hereinafter "plaintiff") is and at all times

3    relevant hereto was, a resident of the County of Sonoma, State of California, residing at 2335

4    Marsh Court, Santa Rosa, California 95403 (hereinafter the "Property" or "subject property").

5    Don, DOB 04/25/34, is and at all times relevant hereto was, well over the age of sixty-five (65).

6        2.        Defendant DOWNEY SAVINGS AND LOAN ASSOCIATION (hereinafter

7    "DOWNEY SAVINGS") is and at all times relevant hereto was, a corporation licensed to do

8    business in the State of California (License No. C0335591). DOWNEY SAVINGS' registered

9    business address is and at all times relevant hereto was, 3501 Jamboree Road, Newport Beach,

10    CA 92660. DOWNEY SAVINGS' agent for service of process in California is Jon A.

11    MacDonald, 3501 Jamboree Road, Newport Beach, CA 92660. DOWNING SAVINGS is a

12    creditor as defined by the Truth in Lending Act (hereinafter "TILA"). DOWNEY SAVINGS is a

13    business engaged in residential mortgage lending.

14        3.        Defendant EQUITY ONE FINANCIAL CORP. (hereinafter "EQUITY ONE") is

15    and at all times relevant hereto was, a corporation licensed to do business in the State of

16    California (License No. C2613159). EQUITY ONE's registered business address is and at all

17    times relevant hereto was, 26707 Agoura Road, Suite 204, Calabasas, CA 91302. EQUITY

18    ONE's agent for service of process in California is Erik Meyers, 26707 Agoura Road, Suite 204,

19    Calabasas, CA 91302. EQUITY ONE is and at all times relevant hereto was, a business

20    engaging in brokering residential mortgages, licensed by the California Department of Real

21    Estate (License No. 01441868).

22        4.        Plaintiff is ignorant of the true names and capacities of defendants sued herein as

23    Does 1 through 20, inclusive, and therefore sues said defendants by such fictitious names.

24    Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

25    Plaintiff is informed and believes and thereon alleges that each of these fictitiously named

26

2

Fisher v. Downey Savings & Loan Assn., et al.
Complaint

1  defendants is responsible in some manner for the occurrences herein alleged, and that plaintiff's

2  damages as herein alleged were caused in whole or in part by their conduct.

3       5.     Each of the fictitiously named defendants is in breach of some contract or is

4  tortiously or otherwise legally responsible in some manner for the occurrences alleged in this

5  Complaint and for plaintiff's damages.  Further, plaintiff alleges that defendants EQUITY ONE

6  and ERIK MEYERS were acting as defendant DOWNEY SAVINGS' agents with respect to

7  their dealings with plaintiff as described in this case.

8       6.     Plaintiff is informed and believes and thereon alleges that at all relevant times,

9  each of the defendants, including Does1 through 20, inclusive, was the agent or employee of each

10  of the remaining defendants and, in doing the things alleged, was acting within the scope of that

11  agency or employment.

12  <div align="center">GENERAL ALLEGATIONS</div>

13       7.     On and about March 2005, plaintiff Harry Donald Fisher, a single man, was 71

14  years of age and lived alone in the residential property that is the subject of this action.

15       8.     Plaintiff was retired and unemployed, depending on retirement benefits and Social

16  Security payments as the sole source of his monthly income.

17       9.     Plaintiff has a high school education, but no higher education beyond that.

18       10.     As a result of the following facts, plaintiff, at all times relevant hereto, was in

19  poor and compromised physical and emotional health:

20       (a)     On September 22, 2004, plaintiff underwent a complete replacement of his

21  right knee.

22       (b)     On November 26, 2004, while convalescing from that right knee

23  replacement, plaintiff slipped and fell in a movie theater and suffered a displaced fracture of his

24  right femur.

25       (c)     Plaintiff suffers from long-standing diabetes;

26

<div align="center">3</div>

Fisher v. Downey Savings & Loan Assn., et al.
**Complaint**

1          (d)     Plaintiff suffers from long-standing hypertension;

2          (e)     Plaintiff suffers from morbid obesity.

3          11.     On or about March 2005, plaintiff received an unsolicited, unexpected "cold call"

4    telephone solicitation at his home from a representative and agent of defendant EQUITY ONE, a

5    licensed mortgage broker. In speaking together, on this first occasion, the EQUITY ONE

6    representative told plaintiff that he could offer a 1% mortgage on plaintiff's residential property

7    (his principal place of residence), reduce plaintiff's monthly mortgage payments dramatically,

8    and allow plaintiff to receive several thousand dollars of equity out of the house for his personal

9    use.

10         12.     From and after March 2005, various discussions between and among the parties

11   occurred, during which defendants EQUITY ONE and ERIK MEYERS took advantage of

12   plaintiff's limited education, business naivete, and physical and emotional health, all the while

13   knowingly misrepresenting that it would be to plaintiff's financial advantage to refinance his

14   existing mortgage on his principal place of residence, under terms grossly to plaintiff's

15   disadvantage as further described herein.

16         13.     Plaintiff informed defendant EQUITY ONE's representative that his income was

17   derived from two sources: (1) Retirement benefits from PG&E in the monthly amount of

18   $1,324.94, and (2) Social Security benefits in the monthly amount of $1,054.00; for a total fixed

19   monthly income of $2,379.94. He mailed copies of the Statement of Annuity Payment from

20   PG&E, and a statement of benefits from Social Security to defendant EQUITY ONE's

21   representative.

22         14.     On or about May 25, 2005, plaintiff was on vacation in southern California with

23   his daughter and grandchildren, staying at the Disneyland Hotel. Plaintiff received a call from

24   the EQUITY ONE representative while in southern California, who told plaintiff that he had

25   arranged for someone to bring over the loan documents to plaintiff's hotel for review and

26                                              4

Fisher v. Downey Savings & Loan Assn., et al.
**Complaint**

1  signature. Plaintiff then received a message in his hotel room that someone was waiting for

2  plaintiff in the hotel's lobby. Upon descending to the lobby, plaintiff was met by a woman who

3  represented that she was there on behalf of defendant EQUITY ONE. The woman had a large

4  stack of papers for plaintiff to sign, pertaining to a loan and mortgage from defendant DOWNEY

5  SAVINGS.

6       15.    The EQUITY ONE representative announced that she was a notary public, and

7  plaintiff, upon her instruction, signed and initialed various pages of the loan documents, as well

8  as her notary book. At the urging of the notary public, plaintiff glanced through but did not

9  thoroughly read the lengthy loan documents, based on the representative's assurance that the loan

10  documents accurately reflected all of the information plaintiff had previously provided to the

11  original EQUITY ONE representative he had been speaking with, and that the loan documents

12  did not contain any information other than what had previously been supplied.

13       16.    At the time of the signing of the subject loan documents (referenced in Paragraph

14  15, above), plaintiff was still taking heavy doses of narcotic pain medication and was unable to

15  walk more than 50 feet without use of a front-wheeled walker. Plaintiff's primary mode of

16  ambulation was via use of a wheelchair.

17       17.    An unsigned copy of the loan documents was simultaneously provided to plaintiff

18  by the EQUITY ONE representative, after she had collected the signatures she needed on the

19  original set of loan documents, with the assurance that they were a true copy of the documents

20  plaintiff had just signed, and contained all of the same information, specifically including the

21  sum and composition of his fixed monthly income of $2,379.94, consisting of monthly retirement

22  income from PG&E of $1,324.94, and monthly Social Security benefits of $1,054.00.

23       18.    Contrary to the representations of the agent, representative and/or employee of

24  defendant EQUITY ONE, the information regarding plaintiff's income, as referenced in

25  Paragraphs 13 and 17, above, had been changed, altered, grossly and falsely exaggerated, and

26

5

Fisher v. Downey Savings & Loan Assn., et al.
**Complaint**

1 stated so that it would appear, falsely and fraudulently, that plaintiff's monthly income would

2 qualify him for the subject loan. Plaintiff's monthly fixed income of $2,379.94 had been falsely,

3 fraudulently, and unknowingly to plaintiff, increased on the application, claiming that plaintiff's

4 monthly income was precisely $8,000 per month. Such a sum was never indicated by plaintiff,

5 during any part of his prior conversations with defendant EQUITY ONE. The false

6 representation of plaintiff's monthly income was supplied by defendant EQUITY ONE and its

7 agents and/or representatives.

8       19.     The falsely and fraudulently inflated monthly income figure of $8,000 appearing

9 on plaintiff's loan documents, which documents were filled out by defendant EQUITY ONE,

10 apparently qualified plaintiff for the loan with defendant DOWNEY SAVINGS; when, in fact,

11 with his actual income, plaintiff would not have so qualified for the loan.

12      20.     After numerous, frequent, and continuous efforts, defendants, and each of them,

13 persuaded plaintiff to agree to refinance his existing residential mortgage. Plaintiff relied and

14 depended upon the statements made by defendant ERIK MEYERS and/or representatives of

15 defendants EQUITY ONE and DOWNEY SAVINGS. Plaintiff's lack of education beyond a

16 high school diploma, combined with his advanced age and lack of mental acuity due to his

17 narcotic pain medications, only exacerbated his reliance and dependance upon the representations

18 of defendants DOWNEY SAVINGS, EQUITY ONE and ERIK MEYERS. Further, these factors

19 reduced plaintiff's ability to understand and intelligently comprehend the entirety of the loan

20 documents, including, but not limited to, their negative financial consequences, as well as the

21 portion which falsely and fraudulently stated plaintiff's income at $8,000 per month.

22      21.     On or about May 25, 2005, the loan described as Loan No. 9041680158

23 (hereinafter the "subject transaction"), in which defendant DOWNEY SAVINGS was the lender,

24 closed, under the terms contained therein as more particularly described in Exhibit "A", attached

25 hereto.

26                                             6

Fisher v. Downey Savings & Loan Assn., et al.
**Complaint**

1      22.    By the terms of Loan No. 9041680158, contained in the page titled "Broker

2   Demand," defendant EQUITY ONE received a total of $21,009.68 from DOWNEY SAVINGS

3   for locating and providing to defendant DOWNEY SAVINGS the victim, plaintiff Donald H.

4   Fisher, as follows: $7,999.68 origination fee, $495 processing fee, $35 credit report fee, and

5   $12,480 as a "rebate."

6                          FIRST CAUSE OF ACTION
                (For Violations of Code of Federal Regulations §226.34(a)(4))
7                            (As Against All Defendants)

8      23.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 22 of the

9   General Allegations, as though fully set forth herein.

10     24.    C.F.R. Section 226.34 reads in pertinent part as follows:

11   Prohibited acts or practices in connection with credit secured by a consumer's
     dwelling.
12           (a)  Prohibited acts or practices for loans subject to § 226.32. A creditor
     extending mortgage credit subject to § 226.32 shall not: ...
13
             (4)  **Repayment ability**. Engage in a pattern or practice of
14   extending credit subject to § 226.32 to a consumer based on the consumer's
     collateral without regard to the consumer's repayment ability, including the
15   consumer's current and expected income, current obligations, and employment.
     There is a presumption that a creditor has violated this paragraph (a)(4) if the
16   creditor engages in a pattern or practice of making loans subject to § 226.32
     without verifying and documenting consumers' repayment ability. ... (Emphasis
17   added.)

18     25.    Defendants, and each of them, wilfully, fraudulently, and maliciously disregarded

19   plaintiff's lack of ability to repay the monthly mortgage on the subject transaction, although

20   plaintiff fully disclosed his financial situation; specifically, that he was on a fixed monthly

21   income of $2,379.94.

22     26.    Defendants fraudulently altered, changed, and subverted the income reported by

23   plaintiff, and fraudulently exaggerated and falsified that income information in the application

24   prepared by defendant EQUITY ONE's representative, fraudulently and falsely inflating

25   plaintiff's monthly income figure to $8,000.

26                                    7

Fisher v. Downey Savings & Loan Assn., et al.
**Complaint**

1    27.    Plaintiff relied and depended upon the false representations of defendants, and
2  each of them.

3    28.    As a result thereof, plaintiff suffered losses and damages according to proof.

4                          SECOND CAUSE OF ACTION
                              (For Elder Abuse)
5                          (As Against All Defendants)

6    29.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 22 of the
7  General Allegations, and paragraphs 24 through 27 of the First Cause of Action, as though fully
8  set forth herein.

9    30.    Defendants, and each of them, by virtue of their position of licensed real estate
10  agents and/or brokers, were fiduciaries to plaintiff.

11    31.    Plaintiff was over the age of 65 at the time of defendants' conduct.

12    32.    Defendants, and each of them, in furtherance of a conspiracy, solicited, arranged,
13  and financed the subject loan for the purpose of collecting extraordinary and excessive fees and
14  interest from plaintiff without regard for plaintiff's ability to pay, his financial security, or his
15  general well-being, and thereby attempted to appropriate plaintiff's money and property in
16  violation of the due and lawful execution of their fiduciary duties to plaintiff.

17    33.    Plaintiff has suffered and will suffer additional harm from defendants' conduct,
18  including financial loss and emotional distress, as plaintiff has lost or will lose tremendous equity
19  in his Property without the means to maintain his Property, due in large part to his age, limited
20  earning capacity, and several physical conditions.

21    34.    Defendants' conduct was a substantial factor in causing plaintiff's harm, in that
22  absent defendants' conduct, plaintiff would be in a better financial position than that which he is
23  currently finding himself, including but not limited to the foreclosure on his home.

24    35.    Plaintiff relied and depended upon the false representations of defendants, and
25  each of them.

26                                      8
Fisher v. Downey Savings & Loan Assn., et al.
**Complaint**

1    36.    As a result thereof, plaintiff suffered general and special losses and damages

2  according to proof.

3                         THIRD CAUSE OF ACTION
                         (For Intentional Misrepresentation)
4                         (As Against all Defendants)

5    37.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 22 of the

6  General Allegations, paragraphs 24 through 27 of the First Cause of Action, and paragraphs 30

7  through 35 of the Second Cause of Action, as though fully set forth herein.

8    38.    Defendants, and each of them, made numerous misrepresentations, including

9  those made by a representative of defendant EQUITY ONE prior to the signing of the refinance

10  loan documents, as referenced in Paragraphs 13 and 14 above, relating to the rates and terms of

11  the subject transaction, specifically that plaintiff's payments would be less than his prior

12  mortgage payments, that his monthly mortgage payments would not increase over time, that the

13  subject loan would put plaintiff in a far superior financial position than his existing loan, and that

14  plaintiff's income would be acceptable and sufficient to meet the loan terms.

15    39.    Defendants also concealed the fact that plaintiff's loan application would contain

16  inaccurate and misleading information without his knowledge; specifically, that his income was

17  falsely inflated on the loan application.

18    40.    The misrepresentations made by defendants were material facts, essential to

19  plaintiff's decision to consummate the subject transaction.

20    41.    Defendants had knowledge of the falsity of their representations to plaintiff at the

21  time they were made, and were aware that their fraudulent misrepresentations would cause, or be

22  a substantial factor in causing, plaintiff to sign the documents ultimately required to consummate

23  the subject transaction.

24    42.    Plaintiff relied and depended on the representations made by defendants, and each

25  of them, because, among other things, they held themselves out to be professionals within the

26                                    9

Fisher v. Downey Savings & Loan Assn., et al.
**Complaint**

1  mortgage industry. Representations made by mortgage brokers named herein or other real estate

2  professionals during the course of obtaining a mortgage were reasonably relied upon by plaintiff

3  borrower. Further, plaintiff's lack of formal education beyond high school, combined with his

4  advanced age and lack of mental acuity, and his narcotic pain medications, increased his reliance

5  upon the representations of defendants DOWNEY SAVINGS, EQUITY ONE and ERIK

6  MEYERS.

7      43.    Plaintiff's reliance and dependance on defendants' misrepresentations were a

8  substantial factor and actual cause of plaintiff's injuries, in that without the conduct of

9  defendants, plaintiff would not have entered into the subject transaction, and thus none of the

10  resulting harm would have occurred.

11      44.    As a result thereof, plaintiff suffered losses and damages according to proof.

12                          FOURTH CAUSE OF ACTION
                    (For Violations of California Financial Code § 50701)
13                  (As Against Defendants EQUITY ONE and ERIK MEYERS)

14      45.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 22 of the

15  General Allegations, paragraphs 24 through 27 of the First Cause of Action, paragraphs 30

16  through 35 of the Second Cause of Action, and paragraphs 38 through 43 of the Third Cause of

17  Action as though fully set forth herein.

18      46.    California Financial Code section 50701, which pertains to loan brokers, reads in

19  pertinent part:

20          (a) As soon as practical after a borrower requests that the licensee
            arrange a loan to be made by another institutional lender, and
21          before the licensee performs brokerage services for the borrower,
            the licensee and borrower shall enter into a written loan brokerage
22          agreement that satisfies the requirements of this section.

23          (b) Both the licensee's authorized representative and the borrower
            shall sign and date the loan brokerage agreement, and the licensee
24          shall deliver a copy of the fully executed loan brokerage agreement

25  ////

26                                              10

Fisher v. Downey Savings & Loan Assn., et al.
**Complaint**

1    to the borrower either upon execution, if the documents are signed
     in the licensee's office, or within three business days after
2    execution.

3    (c) The loan brokerage agreement shall contain an explicit
     statement that (1) the licensee is acting as the agent of the borrower
4    in providing brokerage services to the borrower, and (2) when
     acting as agent for the borrower, it owes to that borrower a
5    fiduciary duty of utmost care, honesty, and loyalty in the
     transaction, including the duty of full disclosure of all material
6    facts. If the licensee is authorized to act as an agent for any other
     person, the brokerage agreement shall contain a statement of that
7    fact and identification of that person.
     . . .

8

9        47.    Defendants EQUITY ONE and ERIK MEYERS acted as a loan (mortgage) broker

10   for plaintiff; specifically, arranging for refinancing of plaintiff's existing first and second

11   mortgage on the Property, with a new loan from defendant DOWNEY SAVINGS.

12       48.    Defendants EQUITY ONE and ERIK MEYERS failed to conform to the

13   requirements in Financial Code section 50701, in that defendants EQUITY ONE and ERIK

14   MEYERS, among other things, did not enter into a written loan brokerage agreement with

15   plaintiff.

16       49.    Defendants EQUITY ONE and ERIK MEYERS also failed to conform to the

17   requirements of Financial Code section 50701, subsections (b) through (c).

18       50.    Plaintiff relied and depended upon the false representations of defendants, and

19   each of them.

20       51.    As a result thereof, plaintiff suffered and continues to suffer losses and damages

21   according to proof.

22                          FIFTH CAUSE OF ACTION
                                 (For Fraud)
23                          (As Against All Defendants)

24       52.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 22 of the

25   General Allegations, paragraphs 24 through 27 of the First Cause of Action, paragraphs 30

26                                    11

Fisher v. Downey Savings & Loan Assn., et al.
**Complaint**

1   through 35 of the Second Cause of Action, paragraphs 38 through 43 of the Third Cause of

2   Action, and paragraphs 46 through 50 of the Fourth Cause of Action as though fully set forth

3   herein.

4         53.    At all times herein relevant, Defendants, and each of them, misrepresented

5   plaintiff's ability to re-pay the proposed loan, and further falsely and intentionally misstated

6   plaintiff's monthly net income as $8,000, when in fact plaintiff's true, accurate, and disclosed

7   income was no more than $2,379.94 per month.

8         54.    Such misrepresentation by defendants, and each of them, was intended to and had

9   the known, expected, and intended consequence of qualifying plaintiff to defendants, including

10   defendant DOWNEY SAVINGS, for a refinance of his existing residential mortgage, all the

11   while defendants, and each of them, knew that plaintiff's real income was at least $6,500 per

12   month less than the income stated in the loan application prepared by defendants EQUITY ONE

13   and ERIK MEYERS, as more specifically and particularly proffered by plaintiff in Paragraph 13,

14   above, in furtherance of the conspiracy. Defendants, and each of them, knew or should have

15   known that by selling their loan to plaintiff, they were placing plaintiff in an untenable financial

16   position, to the extent that plaintiff would be in great danger of losing his home.

17         55.    As a result thereof, plaintiff suffered losses and damages according to proof.

18                       SIXTH CAUSE OF ACTION

(For Violations of Business and Professions Code § 17500)

19                       (As Against All Defendants)

20         56.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 22 of the

21   General Allegations, paragraphs 24 through 27 of the First Cause of Action, paragraphs 30

22   through 35 of the Second Cause of Action, paragraphs 38 through 43 of the Third Cause of

23   Action, and paragraphs 46 through 50 of the Fourth Cause of Action as though fully set forth

24   herein.

25   ////

26

<div align="center">12</div>

Fisher v. Downey Savings & Loan Assn., et al.
**Complaint**

57.     Business and Professions Code, section 17500, reads in pertinent part:

It is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services, professional or otherwise, or anything of any nature whatsoever or to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated before the public in this state, ... in any newspaper or other publication, or any advertising device, ... or in any other manner or means whatever, including over the Internet, any statement, concerning that real or personal property or those services, professional or otherwise, or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading, or for any person, firm, or corporation to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised. Any violation of the provisions of this section is a misdemeanor punishable by imprisonment in the county jail not exceeding six months, or by a fine not exceeding two thousand five hundred dollars ($2,500), or by both that imprisonment and fine.

58.     Defendants offered services to plaintiff; specifically, arranging for and closing a mortgage transaction. Plaintiff is informed and believes and thereon alleges that defendants have engaged in similar wrongful conduct with others, and that defendants are, or were, engaged in a pattern and practice of similar wrongful conduct.

59.     Defendants' statements and representations to plaintiff were misleading.

60.     The misrepresentations made by defendants were intentional, or in the alternative, negligent.

61.     Plaintiff relied and depended upon the false representations of defendants, and each of them.

62.     As a result thereof, plaintiff, and others, suffered and continue to suffer losses and damages according to proof.

////

13

Fisher v. Downey Savings & Loan Assn., et al.
**Complaint**

SEVENTH CAUSE OF ACTION
(For Violations of Business and Professions Code §17200)
(As Against All Defendants)

63. Plaintiff realleges and incorporates by reference Paragraphs 1 through 22 of the General Allegations, paragraphs 24 through 27 of the First Cause of Action, paragraphs 30 through 35 of the Second Cause of Action, and paragraphs 38 through 43 of the Third Cause of Action as though fully set forth herein.

64. Business and Professions Code, section 17200 reads:

> As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code.

65. Defendants violated Business & Professions Code section 17200, as follows:

Defendants engaged in unfair competition, specifically by providing plaintiff with deceptive and misleading information to induce plaintiff to do business with defendants. Such lending practices are unlawful, unfair and fraudulent; specifically, arranging for and closing a mortgage transaction.

66. Defendants' statements and representations to plaintiff were untrue, misleading.

67. The unlawful, unfair and/or fraudulent business acts and/or practices by defendants were intentional, or in the alternative, negligent.

68. Plaintiff relied and depended upon the deceptive, untrue and misleading advertising of defendants, and each of them.

69. As a result thereof, plaintiff suffered and continue to suffer losses and damages according to proof.

////

////

1

2

3

### EIGHTH CAUSE OF ACTION
(For Violations of the Truth in Lending Act)
(As Against Defendants DOWNEY SAVINGS, EQUITY ONE
and DOES 1 through 10, inclusive)

4      70.      Plaintiff realleges and incorporates by reference Paragraphs 1 through 22 of the

5    General Allegations, as though fully set forth herein.

6      71.      Accurate (or within allowable tolerances) "material disclosures"[1] were not

7    provided as required by the Truth in Lending Act ("TILA") to plaintiff.

8      72.      Plaintiff relied and depended upon the false representations of defendants, and

9    each of them, to wit: Defendants, and each of them, misrepresented that plaintiff's minimal

10   monthly mortgage payments would be affordable for plaintiff, and that such payments would not

11   expose him to a negative amortization, by each month, increasing his principal indebtedness.

12     73.      As a result thereof, plaintiff suffered losses and damages according to proof.

13

### NINTH CAUSE OF ACTION
(For Conspiracy)
(As Against Defendants DOWNEY SAVINGS, EQUITY ONE,
and DOES 1 through 10, inclusive)

14

15

16     74.      Plaintiff realleges and incorporates by reference Paragraphs 1 through 22 of the

17   General Allegations, paragraphs 24 through 27 of the First Cause of Action, paragraphs 30

18   through 35 of the Second Cause of Action, paragraphs 38 through 43 of the Third Cause of

19   Action, and paragraphs 46 through 50 of the Fourth Cause of Action, as though fully set forth

20   herein.

21     75.      Defendants, and each of them, conspired between and amongst themselves to

22

23

24

25

[1] The term "material disclosures" means the required disclosures of the annual percentage rate, the finance charge, the amount financed, the total payments, the payment schedule, and the disclosures and limitations referred to in the Code of Federal Regulations, Section 226.32(c) and (d). *12 C.F.R. §226.32.*

26

15

Fisher v. Downey Savings & Loan Assn., et al.
**Complaint**

1   locate, contact, and prey upon a class of individuals, including plaintiff, described as, among

2   other things, homeowners of advanced age, with substantial equity, limited education, and

3   limited real estate transactional experience, and to prey upon them in a process known

4   vernacularly as "predatory lending," knowing all the while that plaintiff's fixed income was

5   inadequate, or would soon become inadequate to make minimal loan payments, resulting, to

6   Defendants' gain and plaintiff's harm, in foreclosure and capture by Defendants of the plaintiff's

7   primary residence, and his equity therein.

8        76.    As a result thereof, plaintiff suffered and continue to suffer losses and damages

9   according to proof.

10                        TENTH CAUSE OF ACTION
                (Injunction as Against Defendants FCI LENDER SERVICES, INC.
11                         and DOWNEY SAVINGS)

12       77.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 22 of the

13  General Allegations, paragraphs 24 through 27 of the First Cause of Action, paragraphs 30

14  through 35 of the Second Cause of Action, paragraphs 38 through 43 of the Third Cause of

15  Action, paragraphs 46 through 50 of the Fourth Cause of Action, and Paragraphs 71 through 72

16  of the Eighth Cause of Action, as though fully set forth herein.

17       78.    Defendant FCI LENDER SERVICES, INC. is a corporation licensed to do

18  business in the State of California, and doing business at 8180 East Kaiser Blvd., Anaheim Hills,

19  California 92808 as a foreclosure service provider. Defendant FCI LENDER SERVICES, INC.

20  is presently acting as a trustee for its co-defendant, DOWNEY SAVINGS.

21       79.    On or about December 21, 2007, defendant FCI LENDER SERVICES, INC.

22  caused to be recorded in the Official Records of Sonoma County a Notice of Default and Election

23  to Sell Under Deed of Trust. Defendant FCI LENDER SERVICES, INC. recorded this Notice on

24  behalf of its co-defendant, DOWNEY SAVINGS.

25  ////

26                                    16

Fisher v. Downey Savings & Loan Assn., et al.
**Complaint**

1   80. On or about March 24, 2008, defendant FCI LENDER SERVICES, INC. served a

2 Notice of Trustee's Sale, setting the date for sale of plaintiff's property on April 18, 2008, at

3 11:30 a.m.

4   81. Defendants, and each of them, have threatened to and will, unless restrained by

5 the Court, sell plaintiff's real property and thereby collect interest, principal, and charges to

6 which defendants are not entitled and will thereby be unjustly enriched to the detriment of

7 plaintiff.

8   82. Unless defendants, and each of them, are enjoined and restrained from continuing

9 with the foreclosure proceedings, plaintiff will suffer irreparable injury in that the real property

10 that secures the purported Deed of Trust is plaintiff's home, which home, and the substantial

11 equity held by plaintiff, will be thereby forever lost, and plaintiff's home is unique to plaintiff.

12   83. Plaintiff has no plain, speedy, or adequate remedy at law, and injunctive relief is

13 expressly authorized by Sections 526 and 731 of the Code of Civil Procedure.

14   WHEREFORE, Plaintiff prays for judgment as follows:

15   FOR THE FIRST CAUSE OF ACTION FOR VIOLATIONS OF CODE OF FEDERAL

16 REGULATIONS §226.34(a)(4), AGAINST ALL DEFENDANTS:

17   1. Judgment in favor of plaintiff for double the actual damages to be determined at

18 trial;

19   2. Judgment in favor of plaintiff for double the value of plaintiff's pain and suffering

20 according to proof;

21   3. Judgment in favor of plaintiff for punitive awards as directed by the Court.

22   4. Judgment for plaintiff's attorney's fees, according to proof.

23   FOR THE SECOND CAUSE OF ACTION FOR ELDER ABUSE, AS AGAINST ALL

24 DEFENDANTS:

25 ////

26            17

Fisher v. Downey Savings & Loan Assn., et al.
**Complaint**

1     5.    Judgment in favor of plaintiff for double the actual damages to be determined at

2  trial;

3     6.    Judgment in favor of plaintiff for double the value of plaintiff's pain and suffering

4  according to proof;

5     7.    Judgment in favor of plaintiff for punitive awards as directed by the Court;

6     8.    Judgment for plaintiff's attorney's fees, according to proof.

7     FOR THE THIRD CAUSE OF ACTION FOR INTENTIONAL MIS-

8  REPRESENTATION, AS AGAINST ALL DEFENDANTS:

9     9.    Judgment in favor of plaintiff for double the actual damages to be determined at

10  trial;

11     10.    Judgment in favor of plaintiff for rescission of the subject transaction;

12     11.    Judgment in favor of plaintiff for punitive awards as directed by the Court;

13     12.    Judgment for plaintiff's attorney's fees, according to proof.

14     FOR THE FOURTH CAUSE OF ACTION FOR VIOLATIONS OF CALIFORNIA

15  FINANCIAL CODE § 50701, AGAINST DEFENDANT EQUITY ONE:

16     13.    Judgment in favor of plaintiff for double the actual damages to be determined at

17  trial;

18     14.    Judgment in favor of plaintiff for punitive awards as directed by the Court;

19     15.    Judgment for plaintiff's attorney's fees, according to proof.

20     FOR THE FIFTH CAUSE OF ACTION FOR FRAUD, AGAINST ALL

21  DEFENDANTS;

22     16.    Judgment in favor of plaintiff against all defendants, for special and general

23  damages according to proof;

24     17.    Judgment in favor of plaintiff for punitive awards as directed by the Court;

25     18.    Judgment for plaintiff's attorney's fees, according to proof.

26     18

Fisher v. Downey Savings & Loan Assn., et al.
**Complaint**

1         FOR THE SIXTH CAUSE OF ACTION FOR VIOLATIONS OF BUSINESS AND

2 PROFESSIONS CODE § 17500, AGAINST DEFENDANT EQUITY ONE:

3       19.    Judgment in favor of plaintiff for $2,500 per violation, as proved at trial;

4       20.    Judgment in favor of plaintiff for restitution of moneys taken from plaintiff, and

5 from all other persons who were victimized by defendants' predatory lending practices, in an

6 amount to be determined at trial.

7         FOR THE SEVENTH CAUSE OF ACTION FOR VIOLATIONS OF BUSINESS AND

8 PROFESSIONS CODE § 17200, AGAINST DEFENDANTS DOWNEY SAVINGS, EQUITY

9 ONE, ERIK MEYERS, and DOES 1 through 10, inclusive:

10      21.    Judgment in favor of plaintiff against all defendants, for special and general

11 damages according to proof;

12      22.    Judgment in favor of plaintiff for punitive awards as directed by the Court;

13      23.    Judgment for plaintiff's attorney's fees, according to proof.

14       FOR THE EIGHTH CAUSE OF ACTION FOR TRUTH IN LENDING VIOLATIONS,

15 AGAINST DEFENDANTS DOWNEY SAVINGS, EQUITY ONE, ERIK MEYERS, and DOES

16 1 through 10, inclusive:

17      24.    Rescission of the loan transaction, including a declaration that plaintiff is not

18 liable for any finance charges or other charges imposed by defendants and third parties.

19      25.    A declaration that the security interest in the subject property created under the

20 subject transaction is void, and an order requiring defendants to release such security interest.

21      26.    Return of any money or property given by the plaintiff to anyone, including

22 defendants DOWNEY SAVINGS, EQUITY ONE, ERIK MEYERS, and DOES 1 through 10,

23 inclusive.

24      27.    Statutory damages of $2,000 per violation as determined at trial.

25 ////

26                     19

Fisher v. Downey Savings & Loan Assn., et al.
**Complaint**

1    28.    An order that, because defendants failed to act in response to plaintiff's notice of

2    rescission, plaintiff has no duty to tender the loan proceeds to defendant DOWNEY SAVINGS,

3    or in the alternative, if tender is required, a determination of the amount of the tender obligation

4    in light of all of the plaintiff's claims, and an order requiring defendant DOWNEY SAVINGS to

5    accept tender on reasonable terms and over a reasonable period of time.

6    29.    Enjoin defendant DOWNEY SAVINGS, its agents, representatives, or assignees,

7    during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or

8    maintaining foreclosure proceedings on the subject property, from recording any deeds or

9    mortgages regarding the subject property, or from otherwise taking any steps to deprive plaintiff

10    of ownership in the subject property.

11    30.    Judgment in favor of plaintiff for double the actual damages to be determined at

12    trial;

13    31.    An award of reasonable attorney's fees and costs, pursuant to *15 U.S.C. §*

14    *1640(a)(3);* and

15    32.    Such other relief at law or equity as this Court may deem just and proper.

16    FOR THE NINTH CAUSE OF ACTION FOR CONSPIRACY, BY AND BETWEEN

17    DEFENDANTS DOWNEY SAVINGS, EQUITY ONE, AND ERIK MEYERS:

18    33.    For conspiring one with another and various other named and unnamed co-

19    conspirators to locate unsophisticated, elderly home mortgage holders with substantial home

20    equity, and to sell such individuals an adjustable rate mortgage (hereinafter "ARM"), all to

21    plaintiff's damages, vis a vis; plaintiff's current ARM, causing plaintiff, by the exact terms of the

22    refinance, to unknowingly bind himself to an ARM that he could not afford, when accelerated or

23    adjusted.

24    34.    Judgment in favor of plaintiff for punitive awards as directed by the Court;

25    35.    Judgment for plaintiff's attorney's fees, according to proof.

26                                        20

Fisher v. Downey Savings & Loan Assn., et al.
**Complaint**

1　　　　FOR THE TENTH CAUSE OF ACTION FOR INJUNCTION AS AGAINST

2　DEFENDANTS FCI LENDER SERVICES, INC. and DOWNEY SAVINGS & LOAN

3　ASSOCIATION:

4　　　　36.　　For a temporary restraining order, a preliminary injunction, and a permanent

5　injunction enjoining and restraining defendants, and each of them, from any non-judicial

6　foreclosure proceedings against the subject property.

7　　　　　　As to all defendants, an order directing that:

8　　　　　　Each and every defendant shall permanently halt all present and future efforts to

9　foreclose on plaintiff's residential property located at 2335 Marsh Court, Santa Rosa, California

10　95401;

11　　　　　　Each and every defendant is prevented from collecting money, whether principal

12　or interest, or penalty, from plaintiff;

13　　　　　　Each and every defendant permanently return to plaintiff any penalty of any kind

14　assessed to date against plaintiff, due to the transaction or transactions to date.

15　DATED:　April 8, 2008

16

17　　　　　　　　　　　　JAMES M. BARRETT
　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　HARRY DONALD FISHER

18

19

20

21

22

23

24

25

26

21

Fisher v. Downey Savings & Loan Assn., et al.
**Complaint**