Stephen W. Cusick (SBN 111353)
NIELSEN, HALEY & ABBOTT LLP
44 Montgomery Street, Suite 750
San Francisco, California 94104
Telephone: (415) 693-0900
Facsimile: (415) 693-9674

Attorneys for defendants Erik Meyers
and Equity One Financial Corp.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| HARRY DONALD FISHER<br><br>    Plaintiff,<br><br>vs.<br><br>DOWNEY SAVINGS AND LOAN ASSOCIATION, a California corporation, EQUITY ONE FINANCIAL CORP., a California corporation, ERIK MEYERS, FCI LENDER SERVICES, INC., a California corporation and DOES 1 through 20, inclusive<br><br>    Defendants. | Case No.: **C08 02144 EDL**<br><br>**ERIK MEYERS AND EQUITY ONE FINANCIAL CORPORATION'S ANSWER TO COMPLAINT** |

    Defendants Erik Meyers and Equity One Financial Corporation (referred to herein as "defendants") answer the complaint in this matter as follows.

    1.    Defendants admit the allegations contained in paragraph number 1 of the complaint, except for the allegation that plaintiff is well over the age of sixty five, and as to that allegation, defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation, and on that basis

defendants deny that allegation.

2. Defendants admit the allegations contained in paragraph number 2 of the complaint.

3. Defendants admit the allegations contained in paragraph number 3 of the complaint.

4. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the complaint, and on that basis defendants deny those allegations.

5. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the complaint, and on that basis defendants deny those allegations.

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the complaint, and on that basis defendants deny those allegations.

7. Defendants admit the allegations contained in paragraph number 7 of the complaint, except for the allegations that plaintiff is was 71 years of age at the time and lived alone in the residence, and as to those allegations, defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis defendants deny those allegations.

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the complaint, and on that basis defendants deny those allegations.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the complaint, and on that basis defendants deny those allegations.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the complaint, and on that basis defendants deny those allegations.

11. Defendants admit the allegation contained in paragraph 11 that plaintiff received a telephone solicitation at his home from a representative of Equity One; otherwise, defendants deny the allegations of paragraph 11.

12. Defendants deny the allegations contained in paragraph 12 of the complaint.

13. Defendants deny the allegations contained in paragraph 13 of the complaint.

14. Defendants admit the allegation contained in paragraph 14 that he was met by a notary public at the Disneyland hotel for purposes of executing the loan documents. Defendants deny that the notary was a representative of Equity One. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 14 of the complaint, and on that basis defendants deny those allegations.

15. Defendants admit the allegation contained in paragraph 15 that he was met by a notary public at the Disneyland hotel for purposes of executing the loan documents. Defendants deny that the notary was a representative of Equity One. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 15 of the complaint, and on that basis defendants deny those allegations.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the complaint, and on that basis defendants deny those allegations.

17. Defendants deny the allegations contained in paragraph 17 of the complaint.

18. Defendants deny the allegations contained in paragraph 18 of the complaint.

19. Defendants deny the allegations contained in paragraph 19 of the complaint.

20. Defendants deny the allegations contained in paragraph 20 of the complaint.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the complaint, and on that basis defendants deny those allegations.

22. Defendants admit the allegations contained in paragraph number 22 of the complaint.

23. Responding to paragraph 23 of the complaint, defendants reallege and incorporate by reference their responses to paragraphs 1 through 22 of the complaint, as though fully set forth herein.

24. Defendants admit the allegations contained in paragraph number 24 of the complaint.

25. Defendants deny the allegations contained in paragraph 25 of the complaint.

26. Defendants deny the allegations contained in paragraph 26 of the complaint.

27. Defendants deny the allegations contained in paragraph 27 of the complaint.

28. Defendants deny the allegations contained in paragraph 28 of the complaint.

29. Responding to paragraph 29 of the complaint, defendants reallege and incorporate by reference their responses to paragraphs 1 through 22 and 24 through 27 of the complaint, as though fully set forth herein.

30. Defendants admit the allegations contained in paragraph number 30 of the complaint, insofar as those allegations are directed against these defendants.

31. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the complaint,

and on that basis defendants deny those allegations.

32. Defendants deny the allegations contained in paragraph 32 of the complaint.

33. Defendants deny the allegations contained in paragraph 33 of the complaint.

34. Defendants deny the allegations contained in paragraph 34 of the complaint.

35. Defendants deny the allegations contained in paragraph 35 of the complaint.

36. Defendants deny the allegations contained in paragraph 36 of the complaint.

37. Responding to paragraph 37 of the complaint, defendants reallege and incorporate by reference their responses to paragraphs 1 through 22, 24 through 27, and 30 through 35 of the complaint, as though fully set forth herein.

38. Defendants deny the allegations contained in paragraph 38 of the complaint.

38. Defendants deny the allegations contained in paragraph 39 of the complaint.

40. Defendants deny the allegations contained in paragraph 40 of the complaint.

41. Defendants deny the allegations contained in paragraph 41 of the complaint.

42. Defendants deny the allegations contained in paragraph 42 of the complaint.

43. Defendants deny the allegations contained in paragraph 43 of the complaint.

44. Defendants deny the allegations contained in paragraph 44 of the

complaint.

45. Responding to paragraph 45 of the complaint, defendants reallege and incorporate by reference their responses to paragraphs 1 through 22, 24 through 27, 30 through 35, and 38 through 43 of the complaint, as though fully set forth herein.

46. Defendants admit the allegations contained in paragraph number 46 of the complaint.

47. Defendants admit the allegations contained in paragraph number 47 of the complaint.

48. Defendants deny the allegations contained in paragraph 48 of the complaint.

49. Defendants deny the allegations contained in paragraph 49 of the complaint.

50. Defendants deny the allegations contained in paragraph 50 of the complaint.

51. Defendants deny the allegations contained in paragraph 51 of the complaint.

52. Responding to paragraph 52 of the complaint, defendants reallege and incorporate by reference their responses to paragraphs 1 through 22, 24 through 27, 30 through 35, 38 through 43, and 46 through 50 of the complaint, as though fully set forth herein.

53. Defendants deny the allegations contained in paragraph 53 of the complaint.

54. Defendants deny the allegations contained in paragraph 54 of the complaint.

55. Defendants deny the allegations contained in paragraph 55 of the complaint.

56. Responding to paragraph 56 of the complaint, defendants reallege

and incorporate by reference their responses to paragraphs 1 through 22, 24 through 27, 30 through 35, 38 through 43, and 46 through 50 of the complaint, as though fully set forth herein.

57. Defendants admit the allegations contained in paragraph number 57 of the complaint.

58. Defendants admit the allegation contained in paragraph number 58 that Defendants offered services to plaintiff, specifically, arranging for and closing a mortgage transaction. Defendants deny all other allegations contained in paragraph 58.

59. Defendants deny the allegations contained in paragraph 59 of the complaint.

60. Defendants deny the allegations contained in paragraph 60 of the complaint.

61. Defendants deny the allegations contained in paragraph 61 of the complaint.

62. Defendants deny the allegations contained in paragraph 62 of the complaint.

63. Responding to paragraph 63 of the complaint, defendants reallege and incorporate by reference their responses to paragraphs 1 through 22, 24 through 27, 30 through 35, and 38 through 43 of the complaint, as though fully set forth herein.

64. Defendants admit the allegations contained in paragraph number 64 of the complaint.

65. Defendants deny the allegations contained in paragraph 65 of the complaint.

66. Defendants deny the allegations contained in paragraph 66 of the complaint.

67. Defendants deny the allegations contained in paragraph 67 of the

complaint.

68. Defendants deny the allegations contained in paragraph 68 of the complaint.

69. Defendants deny the allegations contained in paragraph 69 of the complaint.

70. Responding to paragraph 70 of the complaint, defendants reallege and incorporate by reference their responses to paragraphs 1 through 22 of the complaint, as though fully set forth herein.

71. Defendants deny the allegations contained in paragraph 71 of the complaint.

72. Defendants deny the allegations contained in paragraph 72 of the complaint.

73. Defendants deny the allegations contained in paragraph 73 of the complaint.

74. Responding to paragraph 74 of the complaint, defendants reallege and incorporate by reference their responses to paragraphs 1 through 22, 24 through 27, 30 through 35, 38 through 43, and 46 through 50 of the complaint, as though fully set forth herein.

75. Defendants deny the allegations contained in paragraph 75 of the complaint.

76. Defendants deny the allegations contained in paragraph 76 of the complaint.

77. Responding to paragraph 56 of the complaint, defendants reallege and incorporate by reference their responses to paragraphs 1 through 22, 24 through 27, 30 through 35, 38 through 43, 46 through 50, and 71 through 72 of the complaint, as though fully set forth herein.

78. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the complaint,

ANSWER TO COMPLAINT

and on that basis defendants deny those allegations.

79. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the complaint, and on that basis defendants deny those allegations.

80. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the complaint, and on that basis defendants deny those allegations.

81. Defendants deny the allegations contained in paragraph 81 of the complaint.

82. Defendants deny the allegations contained in paragraph 82 of the complaint.

83. Defendants deny the allegations contained in paragraph 73 of the complaint.

84. Defendants deny each and every request for relief made in the complaint commencing at page 17 line 14 therof, and defendants deny that plaintiff has been damaged in any sum or at all.

## AFFIRMATIVE DEFENSES

85. As a first affirmative defense to each cause of action in the complaint, defendants allege that defendant has failed to plead facts sufficient to state said cause of action.

86. As a second affirmative defense to each cause of action in the complaint, defendants allege that the relief sought by plaintiff is barred by the doctrine of unclean hands, insofar as (i) the loans made to plaintiff were income-stated loans, (ii) plaintiff misrepresented to defendants that his income was $8,000 per month, when his income was apparently below that level, and (iii) plaintiff reviewed, approved and signed loan application and other papers in connection with the transaction that stated his income to be $8,000 per month.

87. As a third affirmative defense to each cause of action in the

9

ANSWER TO COMPLAINT

complaint, plaintiff, others acting on plaintiff's behalf, and other parties were negligent or engaged in intentional misconduct in the matters alleged, such that an allocation of fault should be made among all such parties, should these defendants be found at fault.

88.  As a fourth affirmative defense to each cause of action in the complaint, defendants allege that plaintiff has failed to mitigate his damages.

Wherefore, defendants pray for:

1. judgment in their favor;

2. costs of suit; a

3. their attorney's fees, and

4. all other appropriate relief.

DATED: May 7, 2008                    NIELSEN, HALEY & ABBOTT LLP

By _____

STEPHEN W. CUSICK
Attorneys for Erik Meyers
and Equity One Financial Corporation

ANSWER TO COMPLAINT

10

*Fisher v. Downey Savings and Loan Association, et al.*
United States District Court Case No.: C08 02144 EDL

# PROOF OF SERVICE

I declare that:

I am a citizen of the United States, employed in the County of San Francisco. I am over the age of eighteen years, and not a party to the within cause. My business address is 44 Montgomery Street, Suite 750, San Francisco, California 94104.

On the date set forth below I served the following document(s) described as:

**ERIK MEYERS AND EQUITY ONE FINANCIAL CORPORATION'S ANSWER TO COMPLAINT**

[ ]   (BY FACSIMILE) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date.

[ ]   (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at San Francisco, California.

[ ]   (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

[ ]   (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

[ XX ]  **(BY ELECTRONIC SERVICE)** by submitting an electronic version of the document(s) to be served on all parties listed on the service list on file with the court as of this date.

| **Attorneys for Plaintiff Harry Donald Fisher** | **Attorneys for Defendant Downey Savings and Loan Association and FCI Lender Services** |
|---|---|
| James M. Barrett, Esq. | Micahel D. McSweeney |
| **Law Offices of James M. Barrett** | Alison P. Buchanan |
| 150 E. Cotati Avenue | **Hoge, Fenton, Jones & Appel, Inc.** |
| Cotati, CA 94931 | Sixty South Market Street, Suite 1400 |
| Tel: (707) 795-1510 | San Jose, CA 95113 |
| Fax: (707) 795-3364 | Tel: (408) 287-9501 |
|  | Fax: (408) 287-2583 |

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on May 7, 2008, at San Francisco, California.

Sonia J. Ortiz

PROOF OF SERVICE