1 | OFFICE OF THE GENERAL COUNSEL
CHRISTINE M. HUMPHRIES -- BAR NO. 152013
2 | DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A.
3501 Jamboree Road
3 | Newport Beach, California 92660
Telephone: (949) 725-4850
4 | Facsimile: (949) 725-0619

5 | MICHAEL D. McSWEENEY -- BAR NO. 51072
ALISON P. BUCHANAN -- BAR NO. 215710
6 | HOGE, FENTON, JONES & APPEL, INC.
Sixty South Market Street, Suite 1400
7 | San Jose, California 95113-2396
Telephone: (408) 287-9501
8 | Facsimile:  (408) 287-2583

9 | Attorneys for Defendants
DOWNEY SAVINGS AND LOAN
10 | ASSOCIATION, F.A. and
FCI LENDER SERVICES, INC.,
11 | a California corporation

12

13 | UNITED STATES DISTRICT COURT

14 | NORTHERN DISTRICT OF CALIFORNIA -- SAN FRANCISCO DIVISION

15

16 | HARRY DONALD FISHER

| No. C 08-02144 EDL
17 | Plaintiff,

18 | vs. | ANSWER OF DEFENDANTS DOWNEY
SAVINGS AND LOAN ASSOCIATION, F.A.
19 | DOWNEY SAVINGS AND LOAN | AND FCI LENDER SERVICES, INC. TO
ASSOCIATION, a California | PLAINTIFF'S COMPLAINT
20 | corporation, EQUITY ONE FINANCIAL
CORP., a California corporation, ERIK
21 | MEYERS, individually, FCI LENDER
SERVICES, INC., a California
22 | corporation, and DOES 1 through 20,
inclusive,
23
| Defendants.
24

25

26 | Defendants DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A., a federally

27 | chartered savings association, erroneously sued herein as DOWNEY SAVINGS AND

28 | LOAN ASSOCIATION, INC., a California Corporation, ("Downey Savings") and FCI

-1-

LENDER SERVICES, INC., a California corporation ("FCI"), severing themselves from the other defendants and answering for themselves alone, answers the Complaint as follows:

1.     In answer to Paragraph 1, Downey Savings and FCI admit that Plaintiff is a resident of Sonoma, California at 2335 Marsh Court, Santa Rosa, California 95403 and that Plaintiff's loan application represented his date of birth as 04/25/34.

2.     In answer to Paragraph 2, Downey Savings is a federally chartered savings association doing business throughout California, including Sonoma County. Downey Savings denies it is a corporation organized under the laws of the State of California. Downey Savings admits that its headquarters is located in Newport Beach, California, that its registered business address is 3501 Jamboree Road, Newport Beach, California 92660, and that its agent for service of process is Jon A. MacDonald at that same address. Downey Savings admits that it is a creditor as defined by the Truth-in-Lending Act and that it is a business engaged in residential mortgage lending.

3.     In answer to Paragraph 3, Downey Savings and FCI admit that Equity One acted as a mortgage loan broker with respect to the Fisher loan, that it has a place of business in Calabasas, California, and that it appears to be a corporation organized under the laws of the State of California. With respect to any remaining allegations, Downey Savings and FCI state that they do not have sufficient information or belief to enable them to answer any remaining allegations contained in said paragraph, and basing their denial upon that ground, deny generally and specifically each and every remaining allegation contained therein and the whole thereof.

4.     In answer to Paragraph 4, Downey Savings and FCI state that they do not have sufficient information or belief to enable them to answer the allegations contained in said paragraph, and basing their denial upon that ground, deny generally and specifically each and every allegation contained therein and the whole thereof.

5.     In answer to Paragraph 5, Downey Savings denies that Equity One and Eric Meyers were agents of Downey Savings. Downey Savings and FCI deny generally and specifically each and every remaining allegation contained therein and the whole thereof.

DOWNEY SAVINGS' AND FCI'S ANSWER TO PLAINTIFF'S COMPLAINT - C 08-02144 EDL
\\HFJAFS\NDrive\80203\Ple\321541.doc

6.    In answer to Paragraph 6, Downey Savings and FCI admit that FCI is the agent of Downey Savings.  Downey Savings and FCI deny generally and specifically each and every remaining allegation contained therein and the whole thereof.

7.    In answer to Paragraph 7, Downey Savings and FCI admit these allegations except to the extent they believe Plaintiff would have been 70 in March 2005.

8.    In answer to Paragraph 8, Downey Savings and FCI admit these allegations.

9.    In answer to Paragraph 9, Downey Savings and FCI state that they do not have sufficient information or belief to enable them to answer the allegations contained in said paragraph, and basing their denial upon that ground, deny generally and specifically each and every allegation contained therein and the whole thereof.

10.    In answer to Paragraph 10, Downey Savings and FCI state that they do not have sufficient information or belief to enable them to answer the allegations contained in said paragraph, and basing their denial upon that ground, deny generally and specifically each and every allegation contained therein and the whole thereof.

11.    In answer to Paragraph 11, Downey Savings and FCI state that they do not have sufficient information or belief to enable them to answer the allegations contained in said paragraph, and basing their denial upon that ground, deny generally and specifically each and every allegation contained therein and the whole thereof.

12.    In answer to Paragraph 12, Downey Savings and FCI state that they do not have sufficient information or belief to enable them to answer the allegations contained in said paragraph, and basing their denial upon that ground, deny generally and specifically each and every allegation contained therein and the whole thereof.

13.    In answer to Paragraph 13, Downey Savings and FCI state that they do not have sufficient information or belief to enable them to answer the allegations contained in said paragraph, and basing their denial upon that ground, deny generally and specifically each and every allegation contained therein and the whole thereof.

14.    In answer to Paragraph 14, Downey Savings and FCI state that they do not have sufficient information or belief to enable them to answer the allegations contained in

DOWNEY SAVINGS' AND FCI'S ANSWER TO PLAINTIFF'S COMPLAINT - C 08-02144 EDL
\\HFJAFS\NDrive\80203\Ple\321541.doc

1  said paragraph, and basing their denial upon that ground, deny generally and specifically

2  each and every allegation contained therein and the whole thereof.

3       15.    In answer to Paragraph 15, Downey Savings and FCI state that they do not

4  have sufficient information or belief to enable them to answer the allegations contained in

5  said paragraph, and basing their denial upon that ground, deny generally and specifically

6  each and every allegation contained therein and the whole thereof.

7       16.    In answer to Paragraph 16, Downey Savings and FCI state that they do not

8  have sufficient information or belief to enable them to answer the allegations contained in

9  said paragraph, and basing their denial upon that ground, deny generally and specifically

10  each and every allegation contained therein and the whole thereof.

11       17.    In answer to Paragraph 17, Downey Savings and FCI admit that Plaintiff

12  received unsigned copies of the loan documents and required disclosures at closing.

13  Downey Savings and FCI state that they do not have sufficient information or belief to

14  enable them to answer the remaining allegations contained in said paragraph, and basing

15  their denial upon that ground, deny generally and specifically each and every remaining

16  allegation contained therein and the whole thereof.

17       18.    In answer to Paragraph 18, Downey Savings and FCI state that they do not

18  have sufficient information or belief to enable them to dispute Plaintiff's admissions that the

19  loan application that he signed contained false, grossly exaggerated and fraudulent

20  information.  Downey Savings and FCI state that they do not have sufficient information or

21  belief to enable them to answer the remaining allegations contained in said paragraph, and

22  basing their denial upon that ground, deny generally and specifically each and every

23  remaining allegation contained therein and the whole thereof.

24       19.    In answer to Paragraph 19, Downey Savings and FCI state that they do not

25  have sufficient information or belief to enable them to dispute Plaintiff's admissions that the

26  loan application that he signed contained false, grossly exaggerated and fraudulent

27  information.  Downey Savings and FCI admit that the loan application submitted qualified

28  Plaintiff for the loan and that Plaintiff would not have qualified if the loan application had

-4-

1 | reflected that his monthly income was $2,379.94.  Downey Savings and FCI state that they
2 | do not have sufficient information or belief to enable them to answer the remaining
3 | allegations contained in said paragraph, and basing their denial upon that ground, deny
4 | generally and specifically each and every remaining allegation contained therein and the
5 | whole thereof.

6 | 20.    In answer to Paragraph 20, Downey Savings and FCI deny making any oral
7 | representations or statements to Plaintiff and deny any conversations whatsoever with
8 | Plaintiff prior to the funding of the loan.  Downey Savings and FCI deny making any
9 | representations whatsoever to Plaintiff other than those that appear on the face of the loan
10 | documents.  Downey Savings and FCI state that they do not have sufficient information or
11 | belief to enable them to answer the remaining allegations contained in said paragraph, and
12 | basing their denial upon that ground, deny generally and specifically each and every
13 | remaining allegation contained therein and the whole thereof.

14 | 21.    In answer to Paragraph 21, Downey Savings and FCI deny that the loan
15 | number 9041680158 closed on March 25, 2005.  The settlement date was June 3, 2005
16 | and the Deed of Trust recorded on that same day.  Downey Savings and FCI admit the
17 | documents of Exhibit A contain certain terms of Downey Savings Loan No. 9041680158.

18 | 22.    In answer to Paragraph 22, Downey Savings and FCI admit these allegations
19 | except to the extent that Plaintiff characterizes himself as a victim.

20 | 23.    In answer to Paragraph 23, Downey Savings and FCI incorporate herein
21 | paragraphs 1 through 22 of this Answer.

22 | 24.    In answer to Paragraph 24, Downey Savings and FCI respond that said
23 | paragraph contains legal conclusions to which no response is required.

24 | 25.    In answer to Paragraph 25, Downey Savings and FCI deny these allegations.
25 | 26.    In answer to Paragraph 26, Downey Savings and FCI state that they do not
26 | have sufficient information or belief to enable them to dispute Plaintiff's admissions that the
27 | loan application that he signed contained false, exaggerated and fraudulent information.
28 | Downey Savings and FCI state that they do not have sufficient information or belief as to

1  whether the application was prepared by Equity One's representative and basing their

2  denial upon that ground, deny generally and specifically this allegation contained therein

3  and the whole thereof.  Downey Savings and FCI deny the remaining allegations.

4       27.    In answer to Paragraph 27, Downey Savings and FCI deny making any false

5  representations to Plaintiff and deny any oral communications whatsoever with Plaintiff

6  prior to the funding of the loan.  Downey Savings and FCI deny making any

7  representations whatsoever to Plaintiff other than those that appear on the face of the loan

8  documents.  Downey Savings and FCI state that they do not have sufficient information or

9  belief to enable them to answer the remaining allegations contained in said paragraph, and

10  basing their denial upon that ground, deny generally and specifically each and every

11  remaining allegation contained therein and the whole thereof.

12       28.    In answer to Paragraph 28, Downey Savings and FCI deny that they caused

13  Plaintiff to suffer losses or damages.

14       29.    In answer to Paragraph 29, Downey Savings and FCI incorporate herein

15  paragraphs 1 through 28 of this Answer.

16       30.    In answer to Paragraph 30, Downey Savings and FCI deny these allegations.

17       31.    In answer to Paragraph 31, Downey Savings and FCI admit that Plaintiff was

18  over the age of 65 and incorporate herein paragraphs 1 through 30 of this Answer as to

19  their alleged conduct.

20       32.    In answer to Paragraph 32, Downey Savings and FCI deny these allegations.

21       33.    In answer to Paragraph 33, Downey Savings and FCI deny that they caused

22  Plaintiff to suffer harm, emotional distress, losses or damages.

23       34.    In answer to Paragraph 34, Downey Savings and FCI deny these allegations.

24       35.    In answer to Paragraph 35, Downey Savings and FCI deny making any false

25  representations to Plaintiff and deny any oral communications whatsoever with Plaintiff

26  prior to the funding of the loan.  Downey Savings and FCI deny making any

27  representations whatsoever to Plaintiff other than those that appear on the face of the loan

28  documents.  Downey Savings and FCI state that they do not have sufficient information or

1   belief to enable them to answer the remaining allegations contained in said paragraph, and

2   basing their denial upon that ground, deny generally and specifically each and every

3   remaining allegation contained therein and the whole thereof.

4          36.     In answer to Paragraph 36, Downey Savings and FCI deny that they caused

5   Plaintiff to suffer losses or damages.

6          37.     In answer to Paragraph 37, Downey Savings and FCI incorporate herein

7   paragraphs 1 through 36 of this Answer.

8          38.     In answer to Paragraph 38, Downey Savings and FCI deny making any

9   misrepresentations to Plaintiff and deny any oral communications whatsoever with Plaintiff

10  prior to the funding of the loan.  Downey Savings and FCI deny making any

11  representations whatsoever to Plaintiff other than those that appear on the face of the loan

12  documents.  Downey Savings and FCI state that they do not have sufficient information or

13  belief to enable them to answer the remaining allegations contained in said paragraph, and

14  basing their denial upon that ground, deny generally and specifically each and every

15  remaining allegation contained therein and the whole thereof.

16         39.     In answer to Paragraph 39, Downey Savings and FCI state that they do not

17  have sufficient information or belief to enable them to dispute Plaintiff's admissions that the

18  loan application that he signed contained inaccurate, misleading and falsely inflated

19  information.  Downey Savings and FCI deny the remaining allegations.

20         40.     In answer to Paragraph 40, Downey Savings and FCI deny making any

21  misrepresentations to Plaintiff and deny any oral communications whatsoever with Plaintiff

22  prior to the funding of the loan.  Downey Savings and FCI deny making any

23  representations whatsoever to Plaintiff other than those that appear on the face of the loan

24  documents.  Downey Savings and FCI state that they do not have sufficient information or

25  belief to enable them to answer the remaining allegations contained in said paragraph, and

26  basing their denial upon that ground, deny generally and specifically each and every

27  remaining allegation contained therein and the whole thereof.

28

DOWNEY SAVINGS' AND FCI'S ANSWER TO PLAINTIFF'S COMPLAINT - C 08-02144 EDL
\\HFJAFS\NDrive\80203\Ple\321541.doc

41.    In answer to Paragraph 41, Downey Savings and FCI deny making any misrepresentations to Plaintiff and deny any oral communications whatsoever with Plaintiff prior to the funding of the loan.  Downey Savings and FCI deny making any representations whatsoever to Plaintiff other than those that appear on the face of the loan documents.  Downey Savings and FCI state that they do not have sufficient information or belief to enable them to answer the remaining allegations contained in said paragraph, and basing their denial upon that ground, deny generally and specifically each and every remaining allegation contained therein and the whole thereof.

42.    In answer to Paragraph 42, Downey Savings and FCI deny making any misrepresentations to Plaintiff and deny any oral communications whatsoever with Plaintiff prior to the funding of the loan.  Downey Savings and FCI deny making any representations whatsoever to Plaintiff other than those that appear on the face of the loan documents.  Downey Savings and FCI state that they do not have sufficient information or belief to enable them to answer the remaining allegations contained in said paragraph, and basing their denial upon that ground, deny generally and specifically each and every remaining allegation contained therein and the whole thereof.

43.    In answer to Paragraph 43, Downey Savings and FCI deny making any misrepresentations to Plaintiff and deny any oral communications whatsoever with Plaintiff prior to the funding of the loan.  Downey Savings and FCI deny making any representations whatsoever to Plaintiff other than those that appear on the face of the loan documents.  Downey Savings and FCI state that they do not have sufficient information or belief to enable them to answer the remaining allegations contained in said paragraph, and basing their denial upon that ground, deny generally and specifically each and every remaining allegation contained therein and the whole thereof.

44.    In answer to Paragraph 44, Downey Savings and FCI deny that they caused Plaintiff to suffer losses or damages.

45.    In answer to Paragraph 45, Downey Savings and FCI incorporate herein paragraphs 1 through 44 of this Answer.

DOWNEY SAVINGS' AND FCI'S ANSWER TO PLAINTIFF'S COMPLAINT - C 08-02144 EDL
\\HFJAFS\NDrive\80203\Ple\321541.doc

46.    In answer to Paragraph 46, since this paragraph is contained within a cause of action not brought against Downey Savings or FCI, no response is required. Nevertheless, Downey Savings and FCI incorporate herein paragraphs 1 through 45 of this Answer.

47.    In answer to Paragraph 47, since this paragraph is contained within a cause of action not brought against Downey Savings or FCI, no response is required. Nevertheless, Downey Savings and FCI incorporate herein paragraphs 1 through 45 of this Answer.

48.    In answer to Paragraph 48, since this paragraph is contained within a cause of action not brought against Downey Savings or FCI, no response is required. Nevertheless, Downey Savings and FCI incorporate herein paragraphs 1 through 45 of this Answer.

49.    In answer to Paragraph 49, since this paragraph is contained within a cause of action not brought against Downey Savings or FCI, no response is required. Nevertheless, Downey Savings and FCI incorporate herein paragraphs 1 through 45 of this Answer.

50.    In answer to Paragraph 50, since this paragraph is contained within a cause of action not brought against Downey Savings or FCI, no response is required. Nevertheless, Downey Savings and FCI incorporate herein paragraphs 1 through 45 of this Answer.

51.    In answer to Paragraph 51, since this paragraph is contained within a cause of action not brought against Downey Savings or FCI, no response is required. Nevertheless, Downey Savings and FCI incorporate herein paragraphs 1 through 45 of this Answer.

52.    In answer to Paragraph 52, Downey Savings and FCI incorporate herein paragraphs 1 through 51 of this Answer.

53.    In answer to Paragraph 43, Downey Savings and FCI state that they do not have sufficient information or belief to enable them to dispute Plaintiff's admissions that his

-9-

income was falsely inflated on the loan application that he signed.  Downey Savings and FCI deny making any misrepresentations to Plaintiff and deny any oral communications whatsoever with Plaintiff prior to the funding of the loan.  Downey Savings and FCI deny making any representations whatsoever to Plaintiff other than those that appear on the face of the loan documents.  Downey Savings and FCI deny the remaining allegations contained therein and the whole thereof.

54.    In answer to Paragraph 54, Downey Savings and FCI state that they do not have sufficient information or belief as to whether the application was prepared by Equity One and Erik Meyers and basing their denial upon that ground, deny generally and specifically this allegation contained therein and the whole thereof.  Downey Savings and FCI deny making any misrepresentations to Plaintiff and deny any oral communications whatsoever with Plaintiff prior to the funding of the loan.  Downey Savings and FCI deny making any representations whatsoever to Plaintiff other than those that appear on the face of the loan documents.  Downey Savings and FCI deny the remaining allegations.

55.    In answer to Paragraph 55, Downey Savings and FCI deny that they caused Plaintiff to suffer losses or damages.

56.    In answer to Paragraph 56, Downey Savings and FCI incorporate herein paragraphs 1 through 55 of this Answer.

57.    In answer to Paragraph 57, Downey Savings and FCI respond that said paragraph contains legal conclusions to which no response is required.

58.    In answer to Paragraph 58, Downey Savings admits processing and funding Loan No. 9041680158.  FCI denies any involvement in the origination, processing and closing of this loan.  Downey Savings and FCI deny the remaining allegations.

59.    In answer to Paragraph 59, Downey Savings and FCI deny making any misleading statements or representations to Plaintiff and deny any oral communications whatsoever with Plaintiff prior to the funding of the loan.  Downey Savings and FCI deny making any representations or statements whatsoever to Plaintiff other than those that appear on the face of the loan documents.

-10-

60.    In answer to Paragraph 60, Downey Savings and FCI deny making any misleading statements or representations to Plaintiff and deny any oral communications whatsoever with Plaintiff prior to the funding of the loan.  Downey Savings and FCI deny making any representations or statements whatsoever to Plaintiff other than those that appear on the face of the loan documents.  Downey Savings and FCI deny the remaining allegations.

61.    In answer to Paragraph 61, Downey Savings and FCI deny making any false representations to Plaintiff and deny any oral communications whatsoever with Plaintiff prior to the funding of the loan.  Downey Savings and FCI deny making any representations whatsoever to Plaintiff other than those that appear on the face of the loan documents.  Downey Savings and FCI state that they do not have sufficient information or belief to enable them to answer the remaining allegations contained in said paragraph, and basing their denial upon that ground, deny generally and specifically each and every remaining allegation contained therein and the whole thereof.

62.    In answer to Paragraph 62, Downey Savings and FCI deny that they caused Plaintiff to suffer losses or damages.

63.    In answer to Paragraph 63, Downey Savings and FCI incorporate herein paragraphs 1 through 62 of this Answer.

64.    In answer to Paragraph 64, Downey Savings and FCI respond that said paragraph contains legal conclusions to which no response is required.

65.    In answer to Paragraph 65, Downey Savings and FCI deny these allegations.

66.    In answer to Paragraph 66, Downey Savings and FCI deny making any untrue or misleading statements or representations to Plaintiff and deny any oral communications whatsoever with Plaintiff prior to the funding of the loan.  Downey Savings and FCI deny making any statement or representations whatsoever to Plaintiff other than those that appear on the face of the loan documents.

67.    In answer to Paragraph 67, Downey Savings and FCI deny these allegations.

DOWNEY SAVINGS' AND FCI'S ANSWER TO PLAINTIFF'S COMPLAINT - C 08-02144 EDL
\\HFJAFS\NDrive\80203\Ple\321541.doc

1    68.    In answer to Paragraph 68, Downey Savings and FCI they gave any

2    deceptive, untrue or misleading advertising to Plaintiff.  Downey Savings and FCI state that

3    they do not have sufficient information or belief to enable them to answer the remaining

4    allegations contained in said paragraph, and basing their denial upon that ground, deny

5    generally and specifically each and every remaining allegation contained therein and the

6    whole thereof.

7    69.    In answer to Paragraph 69, Downey Savings and FCI deny that they caused

8    Plaintiff to suffer losses or damages.

9    70.    In answer to Paragraph 70, Downey Savings and FCI incorporate herein

10    paragraphs 1 through 69 of this Answer.

11    71.    In answer to Paragraph 71, Downey Savings and FCI deny the disclosures

12    given were not accurate as defined by Paragraph 71.

13    72.    In answer to Paragraph 72, Downey Savings and FCI deny making any false

14    representations to Plaintiff and deny any oral communications whatsoever with Plaintiff

15    prior to the funding of the loan.  Downey Savings and FCI deny making any

16    representations whatsoever to Plaintiff other than those that appear on the face of the loan

17    documents.

18    73.    In answer to Paragraph 73, Downey Savings and FCI deny that they caused

19    Plaintiff to suffer losses or damages.

20    74.    In answer to Paragraph 74, Downey Savings and FCI incorporate herein

21    paragraphs 1 through 73 of this Answer.

22    75.    In answer to Paragraph 75, Downey Savings and FCI deny these allegations.

23    76.    In answer to Paragraph 76, Downey Savings and FCI deny that they caused

24    Plaintiff to suffer losses or damages.

25    77.    In answer to Paragraph 77, Downey Savings and FCI incorporate herein

26    paragraphs 1 through 76 of this Answer.

27    78.    In answer to Paragraph 78, Downey Savings and FCI admit these

28    allegations.

DOWNEY SAVINGS' AND FCI'S ANSWER TO PLAINTIFF'S COMPLAINT - C 08-02144 EDL
\\HFJAFS\NDrive\80203\Ple\321541.doc

1    79.    In answer to Paragraph 79, Downey Savings and FCI admit these
2  allegations.

3    80.    In answer to Paragraph 80, Downey Savings and FCI admit these
4  allegations.

5    81.    In answer to Paragraph 81, Downey Savings and FCI deny that they are not
6  entitled to interest, principal and charges and deny that they would be unjustly enriched if
7  able to collect same and admit the remaining allegations.

8    82.    In answer to Paragraph 82, Downey Savings and FCI deny that Plaintiff will
9  suffer irreparable injury and deny that there is substantial equity.  Downey Savings and FCI
10 admit the subject property is Plaintiff's home.  Downey Savings and FCI admit they seek
11 foreclosure of the subject property

12    83.    In answer to Paragraph 83, Downey Savings and FCI deny these allegations
13 to the extent they are factual and Downey Savings and FCI respond that said paragraph
14 contains legal conclusions to which no response is required.

15    Prayer, Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, 16, 17, 18, 19, 21, 22, 23, 27, 30,
16 31, 34 and 35.  Downey Savings and FCI specifically deny that Plaintiff is entitled to any
17 statutory damages, compensatory damages, double damages, treble damages, punitive
18 damages and/or costs and attorneys' fees against Downey Savings or FCI.

19    Prayer, Paragraphs 10, 20, 24, 25, 26, 29 and 36.  Downey Savings and FCI
20 specifically deny that Plaintiff is entitled to rescission, restitution, voiding the security
21 instrument, return of funds and/or injunctive relief.

22    Prayer, Paragraphs 13-15.  This cause of action is not alleged against Downey
23 Savings and FCI.

24    Prayer, Paragraph 28.  Downey Savings and FCI deny ever receiving a notice of
25 rescission, separate and apart from the Complaint, if said Complaint can be construed as a
26 notice of rescission.  Downey Savings and FCI deny they are obligated to accept the
27 purported tender on its terms.

28

-13-

1    Prayer, Paragraph 32.  Downey Savings and FCI specifically deny that Plaintiff is

2  entitled to any relief as against Downey Savings or FCI.

3    Prayer, Paragraph 33.  Downey Savings and FCI assert that there is no relief

4  requested in this paragraph and deny the allegations in it.

5                          **AFFIRMATIVE DEFENSES**

6                       **FIRST AFFIRMATIVE DEFENSE**

7    The Complaint, and each cause of action purportedly contained therein, fails to state

8  a claim upon which relief may be granted by this Court.

9                      **SECOND AFFIRMATIVE DEFENSE**

10    Plaintiff is estopped from asserting the claims set forth in the Complaint by reason of

11  his own conduct and actions.

12                       **THIRD AFFIRMATIVE DEFENSE**

13    If Plaintiff suffered or sustained any damages or injury, either as alleged in the

14  Complaint, or at all, the same was directly and proximately caused by the negligence,

15  fraud, recklessness, carelessness, fault and/or unlawful conduct of other parties and

16  entities, whether or not parties to this action.

17                      **FOURTH AFFIRMATIVE DEFENSE**

18    Plaintiff consented to and approved all the acts and omissions about which Plaintiff

19  now complains.  Accordingly, Plaintiff is barred from pursuing this action.

20                       **FIFTH AFFIRMATIVE DEFENSE**

21    This Complaint is barred by the applicable statutes of limitations, including but not

22  limited to, 15 U.S.C Section 1640(e) and California Code of Civil Procedure sections 335.1.

23  338(a) and 338(d).

24                       **SIXTH AFFIRMATIVE DEFENSE**

25    Plaintiff is barred from any recovery or relief under the Complaint against these

26  answering Defendants by the doctrine of laches.

27

28

### SEVENTH AFFIRMATIVE DEFENSE

If Plaintiff suffered or sustained any damage or injury, either as alleged in the Complaint, or at all, the same was directly and proximately caused by the negligence, fraud, recklessness, carelessness, fault and/or unlawful conduct of Plaintiff. Plaintiff's damages, if any, shall be reduced in proportion to the amount of negligence and/or fault attributable to Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery by reason of his failure to mitigate his damages, and if Plaintiff is entitled to recovery, said recovery must be diminished or barred by reason thereof.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery against these answering Defendants under the doctrine of unclean hands.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery against these answering Defendants under the statute of frauds.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery in that he has waived the right, if any, to pursue the claims set forth in his Complaint by reason of his own conduct and actions.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery in that the actions of these answering Defendants were in accordance with the loan agreement and deed of trust.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery against these answering Defendants under the Complaint because Plaintiff authorized and/or ratified the acts and conduct complained of in the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

These answering Defendants are informed and believe and thereupon allege that Plaintiff had knowledge of and assumed the risks incident to the matters set forth in the Complaint.  The damages alleged by Plaintiff, if any, were caused by or arose out of such risks.

## FIFTEENTH AFFIRMATIVE DEFENSE

These answering Defendants assert that federal law pre-empts Plaintiff's claims in whole or in part.

## SIXTEENTH AFFIRMATIVE DEFENSE

These answering Defendants are informed and believe and thereupon allege that Plaintiff was negligent, legally responsible, comparatively at fault, or otherwise at fault or responsible for the loss and damages complained of, if any there were.  These answering Defendants hereby request that, in the event of a finding of any liability in favor or Plaintiff and against these answering Defendants, an apportionment of fault be made among all the parties by the Court as permitted by *Li v. Yellow Cab Co.* and *American Motorcycle Assn. v. Superior Court*.  These answering Defendants further request a judgment and declaration of partial indemnification for fault.

## SEVENTEENTH AFFIRMATIVE DEFENSE

These answering Defendants are informed and believe and thereupon allege that Plaintiff violated Section 20 of the Deed of Trust by failing to provide these answering Defendants with written notice of each of Plaintiff's claim(s) in advance of filing the Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

These answering Defendants are informed and believe and thereupon allege that Plaintiff's Complaint is barred in whole or in part because Plaintiff failed to exercise the quantity and quality of care and caution that a reasonable individual in similar circumstances would have exercised, which proximately caused and contributed to the alleged damages, if any, and Plaintiff's recovery, if any, is thereby diminished or barred.

-16-

1

### NINETEENTH AFFIRMATIVE DEFENSE

2       These answering Defendants are informed and believe and thereupon allege that

3 punitive damages are not available under the facts of this case.

4

### TWENTIETH AFFIRMATIVE DEFENSE

5       The loan terms and fees were disclosed in the documents Plaintiff had in front of

6 him when he signed documents on May 25, 2005.

7

### TWENTY-FIRST AFFIRMATIVE DEFENSE

8       Plaintiff's action is barred due to his admitted violation of Section IX of the Uniform

9 Residential Loan Application.

10

### TWENTY-SECOND AFFIRMATIVE DEFENSE

11       Plaintiff's action is barred due to his admitted violation of Section 6 of the Deed of

12 Trust.

13

### TWENTY-THIRD AFFIRMATIVE DEFENSE

14       Plaintiff is barred from recovery by reason of his failure to mitigate his damages, and

15 if Plaintiff is entitled to any recovery, said recovery must be diminished or barred by reason

16 thereof.

17

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

18       These answering Defendants had no agency relationship with Equity One, Erik

19 Meyers or the doe defendants.

20

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

21       Defendant Downey Savings is a bona fide encumbrancer in that it gave value

22 without notice of the claim of Plaintiff as alleged in the Complaint.

23

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

24       This answering Defendant reserves the right to raise additional affirmative defenses

25 before or at the trial of this case.

26       WHEREFORE, these answering Defendants pray as follows:

27       1.     That Plaintiff takes nothing by way of the Complaint;

28

1      2.    That these answering Defendants be awarded reasonable attorneys' fees

2  and costs; and

3      3.    For such other and further relief as the Court may deem proper.

4  DATED: May 9, 2008

HOGE, FENTON, JONES & APPEL, INC.

5

6

By /s/ _____

7
Alison P. Buchanan
Attorneys for Defendants

8
DOWNEY SAVINGS AND LOAN
ASSOCIATION, F.A. and FCI LENDER

9
SERVICES, INC., a California
corporation

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOWNEY SAVINGS' AND FCI'S ANSWER TO PLAINTIFF'S COMPLAINT - C 08-02144 EDL
\\HFJAFS\NDrive\80203\Ple\321541.doc