1  OFFICE OF THE GENERAL COUNSEL
   CHRISTINE M. HUMPHRIES -- BAR NO. 152013
2  DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A.
   3501 Jamboree Road
3  Newport Beach, California 92660
   Telephone: (949) 725-4850
4  Facsimile: (949) 725-0619

5
   MICHAEL D. McSWEENEY -- BAR NO. 51072
6  ALISON P. BUCHANAN -- BAR NO.  215710
   HOGE, FENTON, JONES & APPEL, INC.
7  Sixty South Market Street, Suite 1400
   San Jose, California 95113-2396
8  Telephone: (408) 287-9501
   Facsimile:  (408) 287-2583
9
   Attorneys for Defendants
10 DOWNEY SAVINGS AND LOAN
   ASSOCIATION, F.A.
11 and FCI LENDER SERVICES, INC., a
   California corporation
12

13                 UNITED STATES DISTRICT COURT
14
        NORTHERN DISTRICT OF CALIFORNIA -- SAN FRANCISCO DIVISION
15

16
   HARRY DONALD FISHER              No. C 08-02144 EDL
17
        Plaintiff,
18                                  [PROPOSED] STIPULATION
   vs.                              REGARDING PERMITTING EARLY
19                                  LIMITED DISCOVERY
   DOWNEY SAVINGS AND LOAN
20 ASSOCIATION, a California corporation,
   EQUITY ONE FINANCIAL CORP., a
21 California corporation, ERIK MEYERS,
   individually, FCI LENDER SERVICES,
22 INC., a California corporation, and DOES 1
   through 20, inclusive,
23
        Defendants.
24

25

26     On June 10, 2008 an ex parte application was brought by Plaintiff for a temporary

27 restraining order to stop a foreclosure sale and for a hearing date on a motion for a

28 preliminary injunction.  The parties agreed to a temporary restraining order and the Court set

September 16, 2008 as the hearing date for the preliminary injunction. Downey Savings requested that the Court order that discovery in advance of the time permitted under FRCP 26 be permitted on a limited scope, so that the issues on the preliminary injunction could be fully briefed and considered and the parties would have sufficient time to conduct discovery in advance of the hearing on the preliminary injunction. The Court agreed that discovery in advance of the time permitted under FRCP 26 should be permitted on a limited scope, but since counsel for Defendants ERIK MEYERS and EQUITY ONE FINANCIAL CORP. was not present, declined to issue an order and requested that the parties attempt to reach a stipulation. Therefore,

IT IS HEREBY STIPULATED by and among Plaintiff HARRY DONALD FISHER ("Plaintiff"), and Defendants DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A. ("Downey Savings"), FCI LENDER SERVICES, INC., a California corporation ("FCI"), ERIK MEYERS ("Meyers") and EQUITY ONE FINANCIAL CORP., a California corporation ("Equity"), through their attorneys of record that discovery in advance of the time permitted under FRCP 26 should be permitted on a limited scope as follows:

Plaintiff shall be permitted to conduct the following discovery:

1. Discovery regarding the custodian of records and complete business name and address of the entity that provided Defendants Equity One, and its agent, Erik Meyers, with the information by which they were able to contact Plaintiff Harry Donald Fisher to sell him the loan that is the subject of this litigation. This discovery may be in the form of interrogatories or a deposition of Defendant Erik Meyers.

2. A request to Defendants Downey Savings and Equity One for production of copies of any and all written agreements between said defendants, from 2004 to the present.

3. A request to Defendant Downey Savings for production of a copy of the underwriting file, including all subparts, additions and changes, for the loan that is the subject of this litigation.

4. A request to Defendant Downey Savings for production of copies of any and all policies and procedures manuals that were in effect for

loans, including no-documentation loans, during the calendar year 2005. The parties have agreed to meet and confer regarding a stipulated protective order which is to be in place prior to production of the requested policies and procedures manuals.

5. Preliminary deposition of no more than one hour of each underwriter at Defendant Downey Savings who reviewed the loan package that was presented by Defendant Equity One relative to the subject loan, with production of all documents relevant to such review. Since Defendant Downey Savings has informed Plaintiff's counsels that these underwriters are no longer employed by Downey Savings so Downey Savings cannot agree to produce them for depositions, Downey Savings has agreed that Plaintiff may serve interrogatories requesting the underwriters last known addresses so that Plaintiff may be able to serve the underwriters with subpoenas and that the depositions may take place thereafter pursuant to proper subpoena.

Downey Savings shall be permitted to conduct the following discovery:

1. Four Third Party subpoenas for records regarding Plaintiff's Countrywide Home Loan, his Greenpoint line of credit, his Citibank line of credit and his Washington Mutual deposit account (statements only).

2. A request to Plaintiff for production of copies of the documents he alleges he was given on May 25, 2005 and any copies of any other documents he received from Downey Savings prior to June 3, 2005.

3. Discovery regarding Plaintiff's communications or relationship with Downey Savings prior to June 3, 2005. This discovery may be in the form of interrogatories or a brief deposition of Plaintiff, not to exceed a total of two hours for items numbered 3 and 4 with respect to discovery to be conducted by Downey Savings.

4. Discovery regarding Plaintiff's allegations of communications or

relationship between Downey Savings and Equity.  This discovery may be in the form of interrogatories or a brief deposition of Plaintiff, not to exceed a total of two hours for items numbered 3 and 4 with respect to discovery to be conducted by Downey Savings.

The above discovery is preliminary to the Court's CMC rules and may be expanded upon a showing of good cause and application to the Court.

DATED: July 1, 2008                     ATTORNEY AT LAW


By:   /s/ James Marley Barrett
        James Marley Barrett,
Attorneys for Plaintiff, Harry Donald Fisher

DATED: July 1, 2008                     NIELSEN, HALEY & ABBOTT, LLP



By:   /s/ Stephen Walter Cusick
        Stephen Walter Cusick,
Attorneys for Defendant,
Equity One Financial Corp., a California corporation

DATED: July 1, 2008                     OFFICE OF THE GENERAL COUNSEL



By:   /s/ Christine M. Humphries
        Christine M. Humphries
Attorneys for Defendants,
Downey Savings and Loan Association, F.A. and FCI Lender Services, Inc.

1   Good cause appearing therefore, IT IS SO ORDERED.

2

3   DATED: _____July 2,_____, 2008      _____

4                                          United States Magistrate Judge

