Stephen W. Cusick (SBN 111353)
NIELSEN, HALEY & ABBOTT LLP
44 Montgomery Street, Suite 750
San Francisco, California 94104
Telephone: (415) 693-0900
Facsimile: (415) 693-9674

Attorneys for defendants Erik Meyers
and Equity One Financial Corp.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| HARRY DONALD FISHER | Case No.: **C08 02144 EDL** |
| Plaintiff, | **PROPOSED ORDER EXCUSING CLAIM REPRESENTATIVE CHRIS HEMSLEY AND DEFENDANT ERIK MEYERS FROM ATTENDANCE AT ENE SESSION** |
| vs. | |
| DOWNEY SAVINGS AND LOAN ASSOCIATION, a California corporation, EQUITY ONE FINANCIAL CORP., a California corporation, ERIK MEYERS, FCI LENDER SERVICES, INC., a California corporation and DOES 1 through 20, inclusive | |
| Defendants. | |

Counsel for defendants Erik Meyers and Equity One Financial Corporation has submitted a request:

(i) that United State Liability Ins. Co. claim representative Chris Hemsley, who is responsible for the claim against both defendants, and who is located in Wayne Pennsylvania, be excused from attending the Sept. 15, 2008 ENE session in person but be on phone standby throughout,

1   and

2   (ii) that Erik Meyers, who lives and works in Southern California, likewise be

3   excused from attending the Sept. 15, 2008 ENE session in person but be on

4   phone standby throughout.

5           Good cause appearing, the request is **GRANTED.**

6           **IT IS SO ORDERED.**

7

8

9   Dated:_____            _____

10                                   ADR Magistrate Judge Wayne D. Brazil

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER RE: ENE ATTENDANCE

2

*Fisher v. Downey Savings and Loan Association, et al.*
United States District Court Case No.: C08 02144 EDL

## PROOF OF SERVICE

I declare that:

I am a citizen of the United States, employed in the County of San Francisco. I am over the age of eighteen years, and not a party to the within cause. My business address is 44 Montgomery Street, Suite 750, San Francisco, California 94104.

On the date set forth below I served the following document(s) described as:

**PROPOSED ORDER EXCUSING CLAIM REPRESENTATIVE CHRIS HEMSLEY AND DEFENDANT ERIK MEYERS FROM ATTENDANCE AT ENE SESSION**

[ ]    (BY FACSIMILE) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date.

**[ XX ] (BY MAIL)** I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at San Francisco, California.

[ ]    (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

[ ]    (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

**[ XX ] (BY ELECTRONIC SERVICE)** by submitting an electronic version of the document(s) to be served on all parties listed on the service list on file as of this date.

| Attorneys for Plaintiff Harry Donald Fisher | Attorneys for Defendant |
|---|---|
| James M. Barrett, Esq. | Downey Savings and Loan Association and |
| **Law Offices of James M. Barrett** | **FCI Lender Services** |
| 150 E. Cotati Avenue | Micahel D. McSweeney |
| Cotati, CA 94931 | Alison P. Buchanan |
| Tel: (707) 795-1510 | **Hoge, Fenton, Jones & Appel, Inc.** |
| Fax: (707) 795-3364 | Sixty South Market Street, Suite 1400 |
| | San Jose, CA 95113 |
| Marvin Pederson, Esq. | Tel: (408) 287-9501 |
| **Law Offices of Marvin Pederson** | Fax: (408) 287-2583 |
| 1160 N. Dutton Avenue, Suite 150 | |
| Santa Rosa, CA 95401 | |
| Tel: (707) 544-9444 | Christine Humphries, Esq. |
| | **Downey Saving & Loan Association** |
| | 3501 Jamboree Road |
| | Newport Beach, CA 92660 |

I declare under penalty of perjury that the foregoing is true and correct and that this

*Fisher v. Downey Savings and Loan Association, et al.*
United States District Court Case No.: C08 02144 EDL

1

declaration was executed on September 4, 2008, at San Francisco, California.

2

3

4
_____
Fatima Puente

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# ATTACHMENT A

# NIELSEN, HALEY & ABBOTT LLP
### LAWYERS

MARY N. ABBOTT
HILLARY C. AGNOST
JENNIFER S. COHN
STEPHEN W. CUSICK
PETER C. HALEY
TUNG KHUU
AUGUST L. LOHUARU
J. SCOTT MILLER
JAMES C. NIELSEN * +
THOMAS H. NIENOW
* Certified Specialist, Appellate Law
   State Bar of California Board of Legal Specialization
+ Also admitted in Nevada

44 MONTGOMERY STREET
SUITE 750
SAN FRANCISCO, CALIFORNIA 94104

FACSIMILE (415) 693-9674
(415) 693-0900

LOS ANGELES OFFICE

523 WEST SIXTH STREET
SUITE 635
LOS ANGELES, CA 90014

FAX (213) 239-9007
TEL (213) 239-9009

WRITER'S DIRECT DIAL
(415) 248-0166
SCUSICK@NIELSENHALEY.COM

September 4, 2008

ADR Magistrate Judge Wayne D. Brazil
United States District Court
Courtroom 4, 3rd Floor
Northern District of California
450 Golden Gate Ave
San Francisco CA

Re:     ***Fisher v. Downey Savings, Equity One Financial Corp., et al.***
USDC, Northern District of California Case **No. C08 02144 EDL**
**Request to participate in ENE Session by telephone**
ENE session scheduled for **September 15, 2008**
Before George C. Fisher, Esq.
Our File: 5516-025

Dear Magistrate Judge Brazil:

I am counsel for defendants Erik Meyers and Equity One Financial Corporation in this matter. I write pursuant to ADR Local Rule 5-10(d) to request:

(1) that claim representative Chris Hemsley for the errors-and-omissions insurer for these two defendants be excused from attending the upcoming Early Neural Evaluation session and be allowed to participate in the session by phone from her office in Wayne Pennsylvania, and

(2) that defendant Erik Meyers (the sole principal of Equity One) be likewise excused from personal attendance and allowed to participate in the session by telephone from his office or residence location in Southern California.

NIELSEN, HALEY & ABBOTT LLP

Magistrate Judge Wayne D. Brazil
September 4, 2008
Page 2

The request regarding Ms. Hemsley is being made on the grounds:

(i)    that her office (the insurer's claims office) is in Wayne
       Pennsylvania;

(ii)   given her ultimate responsibility for the file, we will have her on
       phone standby throughout the session in any event, even if we are
       required to have a local representative of the insurer present
       attend in person with full authority to settle; and

(iii)  Ms. Hemsley will remain on phone standby into the evening on the
       east coast until the session ends; and

(iv)   as panel defense counsel for USLIG, the undersigned has settled
       many cases at mediations where USLIG's claim professionals
       participated by phone.

We ask that Mr. Meyers likewise be allowed to participate by phone
because:

(i)    he and his spouse have a newborn baby;

(ii)   they live, and he works, in Southern California;

(iii)  between parenting responsibilities and the un-reimbursed expense
       he would incur, it would be a hardship for Mr. Meyers to come up
       here for a day;

(iv)   he is not really needed to be here to discuss the merits of the case
       insofar as the defense here is based primarily on the extensive
       document record;

(v)    he too can be available by phone throughout the session if needed;
       and

(vi)   given the insurance coverage for this case, the size of the policy,
       and the lack of any significant coverage issues, Meyers' presence is
       not essential to settling the case. We will have his consent to settle
       and if any payment is to be made at this point to settle the case
       against these two defendants, such a payment will either be made
       by the insurer or not be made at all.

NIELSEN, HALEY & ABBOTT LLP

Magistrate Judge Wayne D. Brazil
September 4, 2008
Page 3


Regarding point (iv), this case is brought by a retired homeowner who refinanced his home in 2005 through Equity One and Erik Meyers, who are mortgage brokers. Co-defendant Downey Savings was the lender.  Plaintiff alleges essentially (i) that he was bamboozled by my clients into refinancing with a new loan he could not afford, and (ii) that my clients inflated and misstated his income on the loan application as $8,000 instead of $2,400 in order to qualify him for the loan he could not afford. My clients deny those allegations and contend (i) that plaintiff was thoroughly familiar with home refinancing, having refinanced twice before in the previous years in order to draw equity out of his home, (ii) that plaintiff gave then the $8,000 number, (iii) that plaintiff signed off on three applications with that income amount clearly stated on them, and (iv) that on multiple loan applications both before and after the loan at issue plaintiff likewise overstated his income. The defense case thus relies primarily on the multiple loan applications signed by plaintiff over the last five or six years.

The policy under with this case is being defended has a per-claim limit of $1,000,000 and a deductible of $1,000. The amount at issue in the case is less than $500,000, insofar as the amount owing on the loan at issue is in that neighborhood.

At the phone conference held to set up the ENE session no one objected to the claim representative attending by phone but objection was voiced to having Erik Meyers excused.

Very truly yours

Stephen W. Cusick

encl.  proposed order

Cc:     U.S. District Court - ADR Unit  w/encl.
        450 Golden Gate Ave, 16th Floor
        San Francisco, CA 16th Floor

        All counsel w/encl.
        Evaluator George Fisher   w/encl.
        Erik Meyers w/encl.